# Hall *v.* West Jersey & Seashore R. R. Co., Appellant.

*Negligence—Injuries causing death—Right of action—Personal representatives—Law of another state—Pleading—Evidence.*

In an action by a personal representative for injuries to his decedent resulting in death, where the acts complained of occurred in another state, the plaintiff must aver and prove that the laws of that state give him the right to bring such an action; and a judgment for plaintiff in such case should be reversed with directions to grant a new trial, where plaintiff's statement of claim failed to aver that the law of the state where the injuries occurred entitled him to sue for injuries causing death, and the evidence introduced in no way tended to prove that he was entitled to bring such an action.

Argued March 25, 1913.   Appeal, No. 16, Jan. T., 1913, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1907, No. 2606, on verdict for plaintiff in case of Merritt Hall, Administrator of the Estate of Jacob C. Saunders, v. The West Jersey & Seashore Railroad Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ.   Reversed.

Trespass for negligently causing the death of plaintiff's decedent.   Before MAGILL, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500.00, and judgment thereon.   Defendant appealed.

*Errors assigned* were in admitting certain evidence,

and in refusing to give binding instructions for defendant.

*John Hampton Barnes,* with him *Sharswood Brinton,* for appellant.

*Francis M. McAdams,* with him *William H. Wilson,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

This action of trespass was brought in the Court of Common Pleas No. 1 of Philadelphia County, by the administrator of the estate of Jacob C. Saunders, deceased, against the defendant company, to recover damages for the death of Jacob C. Saunders, which resulted it is alleged, from the negligence of the defendant in operating its train. The accident occurred in the State of New Jersey, near Hammonton. On the morning of March 7, 1907, about eight o'clock, Saunders was driving a horse and covered wagon, and at a crossing of the highway over defendant's railroad, was struck by a train and instantly killed. No one saw the accident. There was evidence upon the part of the plaintiff tending to show that no whistle was blown, or bell sounded as the train approached the crossing. Saunders was a resident of New Jersey and letters of administration were taken out there. The present suit was brought for the benefit of the widow. Plaintiff relied upon the law of New Jersey to sustain his right of action, but the statute was not set forth nor referred to in his statement of claim. The trial judge admitted evidence as to certain statutes of New Jersey, under exceptions, and refused to give binding instructions in favor of defendant. The questions of negligence and contributory negligence were submitted to the jury, and a verdict for $2,500 in favor of plaintiff was returned. A motion for judgment non obstante veredicto was refused, and judgment was entered on the verdict. Defendant has appealed. Its

counsel contend that there is nothing on the record to show that a substantive right of action in this case existed in New Jersey. Turning to the offer in the evidence, of the New Jersey statute, we find the offer covered, as stated by counsel, "those sections of the two volumes which have been identified as the law of New Jersey." The sections which had been identified were, section 8 of the Compiled Statutes of the State of New Jersey of 1908, which provides that "Every such action shall be brought by and in the names of the personal representatives of such deceased person." The other section identified refers to the duty of the railroad as to bridge crossings, signals, &c., but no section defining "such action" or pointing out what it meant, was offered in evidence, and no such section is printed in the record of this appeal. It does appear from the testimony of a member of the bar of New Jersey, that there is a "statute in the State of New Jersey which stipulates in whom the right of action shall be in case of death, in case of negligence." But we are unable to find in the record any evidence as to what the New Jersey death statute really is. In Pomeroy v. Bruce, 13 S. & R. 186, a general rule was stated by Mr. Justice DUNCAN, as follows (p. 188) : "In order to support any action, the cause of it must be alleged, the plaintiff does not recover according to the probata, but secundum allegata et probata." And in 8 Am. & Eng. Ency. L. (2d Ed.) 880, it is said: "There being no right of action at common law for an injury causing death, the plaintiff in such an action must specifically aver and prove that the laws of the state where the injury concurred permit such an action, unless the action is brought in the state where the injury occurred." A statement to the same effect appears in 5 Ency. Pl. & Pr., 866, where it is said: "But where the action is based on a foreign statute, the existence of such statute must be alleged and proved."

In the present case these requirements have not been met; the statute of New Jersey upon which the right to

recover rests, was not averred or set forth in the statement, and any evidence as to the statute was therefore inadmissible, in the absence of an amendment to the statement. But even if it be considered that the evidence was properly admitted, it did not sustain the contention of plaintiff, in that it did not tend to prove the existence of a statute of New Jersey giving a substantive remedy in case of death. In making the offer it was apparently assumed that there was such a right of action, but the proof merely went to show that "every such action," without showing what "such action" was, is to be brought in the name of the personal representative of the deceased.

Because the record fails to show the existence of a substantive right to recover, under the law of New Jersey; and because the statement contains no averment which would admit of evidence to that effect, we sustain the assignments of error, and the judgment is reversed, with a venire facias de novo.