## Smith, Administrator, v. Pennsylvania Railroad Company.

*Francis J. Walsh,* for plaintiff; *Barnes, Biddle & Myers,* for defendant.

STERN, P. J., April 6, 1931.—John Null was struck by a train of the defendant company at Delair, New Jersey, on December 4, 1923, and died as a result of his injuries. Suit was begun on March 3, 1924, by Ward Smith, administrator of the estate of John Null, deceased, and a statement of claim filed by said plaintiff April 8, 1924; in it the plaintiff averred that letters of administration had been granted to him by the Register of Wills of Philadelphia County, appointing him administrator of the estate of John Null, deceased, and that Null was killed as the result of the accident at Delair, New Jersey, and specifying the defendant's acts of negligence complained of.

Of course, the plaintiff as administrator of the decedent's estate had no cause of action under the laws either of New Jersey or of Pennsylvania, because even in the latter state the action should have been brought by the widow.

On December 2, 1925, counsel for the parties entered into a written stipulation, whereby it was agreed that the plaintiff, Ward Smith, administrator of the estate of John Null, deceased, should "withdraw" from the case, and that Ward Smith, administrator *ad prosequendam*, should be substituted in his place; and it was further agreed that Ward Smith, administrator *ad prosequendam* by certification of the Surrogate of the County of Camden, New Jersey, under date of April 20, 1925, should be substituted for the plaintiff, Ward Smith, administrator of the estate of John Null, deceased, in the statement of claim theretofore filed in the case as above stated. By the recent ruling of the Supreme Court in the case of Rosenzweig *v.* Heller, 302 Pa. 279, the statute of limitations had expired at that time, since under that authority the Pennsylvania limitation of one year and not the New Jersey limitation of two years prevailed, but this is immaterial, since counsel for the defendant agreed to the substitution, and, therefore, the statement of claim became duly amended accordingly.

Nothing further apparently was done for a period of nearly five years. On March 20, 1930, the case came up for trial, and, it appearing that the statement of claim as it then stood did not set forth any of the New Jersey statutes showing a cause of action in the plaintiff, Ward Smith, administrator *ad prosequendam*, nor establishing a right of action in New Jersey for negligence resulting in death, a juror was withdrawn in order to enable the plaintiff to apply for leave to amend the statement of claim. A rule was thereupon taken to show cause why the plaintiff should not be allowed to amend by setting forth the New Jersey statutes allowing a recovery in case of death by negligence, providing that the action should be brought by an administrator *ad prosequendam*, and containing provisions in regard to what constituted negligence and contributory negligence in such cases. The court discharged the rule to amend. The case then came up again for trial by jury, and when an offer was made to give in evidence the New Jersey statutes the offer was overruled on the ground that they were not pleaded; as a result of which, of course, the plaintiff could not make out a case and a nonsuit was entered, which the court *in banc* refused to take off.

The question in the case is really as to whether the court was right in overruling the proposed amendments to the statement of claim, because the nonsuit followed inevitably upon that ruling.

It is settled beyond the peradventure of a doubt that where an action is brought in a state where the injury did not occur, the plaintiff must allege and prove the existence of a statute of the state where the injury occurred permitting such an action, and the authority and qualification of the plaintiff to sue in the capacity declared upon must be shown in the statement of claim: 17 Corpus Juris, 1283, 1289, and numerous cases there cited. This was directly held in our own state in Hall *v.* West Jersey & Seashore R. R. Co., 241 Pa. 399. The reason is that at common law no right of action existed for an injury resulting in death, and in the absence of a statute pleaded in the statement of claim it would be presumed that the common law of the state where the accident occurred remained in force as governing the situation, and that that common law was the same as that of the forum where the case was being tried.

We understand that counsel for the plaintiff concedes that no recovery can be had if the statutes of New Jersey are not pleaded and proved. His con-

tention is, however, that, even though the statute of limitations had expired, the court should have allowed him to amend his statement of claim by setting forth the New Jersey statutes. In the opinion of the court, however, to have allowed such amendments would have been to permit a change in the cause of action after the expiration of the statute of limitations, because it is decisively settled that where recovery is sought under the common law an attempt to change the action to one founded on a statute amounts to a change in the cause of action: Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97, 102. In the present case the statement of claim showed no right of action in the plaintiff at all, and, therefore, an amendment which results in showing such a right of action must, by the laws of logic, amount to a change in the cause of action.

Counsel for plaintiff argues that after the new plaintiff, the administrator *ad prosequendam*, was substituted for the original one, he should have been entitled to a reasonable time in which to file a statement of claim, and that even if several years elapsed, the case not having been *nol. prossed*, he could now file such a statement in proper form. In other words, he contends that his present attempt is really to file a new statement of claim and not to amend the existing statement of the original plaintiff. It seems sufficient to say, in answer to this ingenious argument, that the agreement of counsel of December 2, 1925, was not merely to substitute a new plaintiff, but, as already pointed out, to substitute the name of the new plaintiff for that of the original plaintiff in the statement of claim as filed. The new plaintiff thus adopted as his own the original statement of claim, with the substitution therein of his name as the new plaintiff. The present plaintiff, therefore, cannot contend that he has never filed any statement of claim; indeed, that he has recognized the contrary is shown by the fact that his motion was to amend the existing statement of claim and not to be allowed to file a new one.

Counsel for plaintiff contends that when counsel for the defendant agreed to allow him to change the name of the plaintiff, this permission carried with it an implied agreement on the part of the defendant to permit further amendments to be made, so as to show under what right the new plaintiff was claiming. The court, however, cannot see any ground for this contention. Counsel for the defendant agreed to the amendment which the plaintiff desired to make, and, if the plaintiff required still further amendments to make out a valid case in his pleadings, it was for him to secure the same either by further agreement between counsel or by application to the court (subject, of course, to the statute of limitations). We are at a loss to understand how an agreement on the part of the defendant to permit certain amendments impliedly carried with it an agreement to permit such further amendments not then specified as might subsequently be found to be necessary by the plaintiff in order properly to make out a case in his pleadings.

As far as such of the proposed amendments are concerned as relate to the question of negligence and contributory negligence, it is unnecessary definitely to determine whether such amendments should be permitted, although the court is of opinion that it would not be necessary to set forth in a statement of claim statutes which bear on the question of the plaintiff's contributory negligence. The court is, however, clearly of opinion that this action cannot be maintained under a statement of claim which does not set forth the New Jersey statutes giving a right of action in a case of death caused by negligence, and providing in whom such right of action exists and by whom the action must be brought; and the court is further of opinion that, since the statute of limitations has long since expired, to permit now an amend-

ment setting forth such statutes would be to permit a change in the cause of action; and, further, that there was nothing in the agreement between counsel of December 2, 1925, which would enable the plaintiff to escape from the existing situation.

For these reasons, the court discharges the rule to amend the statement of claim and overrules the motion to take off the nonsuit which followed from that ruling.

GORDON, JR., J., dissenting.—I cannot concur in the decision of the court in this case. The effect of the discharge of the rule to amend the statement is so harsh, and so out of accord with the fundamental justice of the case, that I do not believe it is supportable either in reason or in precedent. This perplexed plaintiff has been seeking an opportunity to be heard in the presentation of his case for upwards of ten years, and a technical rule of pleading is invoked by the defendant to deny him a hearing. Whatever plausible legal reasoning may be advanced for the application of such a rule under the circumstances of this case, none but the most subtle legal mind can follow it with understanding, and all must regret a conclusion which works so manifest an injustice. The question before us is one of pleading and the application of its general rules to a specific case. These rules are not intended to harass and obstruct a litigant in bringing his case to trial. Their purpose is to clarify the issue and to bring the parties expeditiously to the bar of the court for their hearing. A rule of pleading which fails to accomplish this is mischievous and has no place in the administration of law. I do not think, however, that the rules of pleading, if properly applied, will accomplish this result, or that the precedents sustain the action of the court.

I cannot agree that either the controlling facts or the law relating to the question before the court in this case justify or require the discharge of the rule to amend the statement of claim. John Null, the plaintiff's decedent, was killed on December 4, 1923, by a train of the defendant company, in an accident on a grade crossing in the State of New Jersey. In 1924, the plaintiff, in the capacity of administrator of the decedent's estate in Pennsylvania, brought suit against the defendant to recover damages for the death, and filed a statement of claim setting forth the capacity in which he sued and the cause of action sued on. That statement disclosed, first, a good cause of action for the death, so far as the circumstances of the accident were concerned; and, second, that the plaintiff had no right to bring the suit, and, in that sense, had no right of action for the death, because, under the law of New Jersey, where the death occurred, the action must be brought by a specially appointed administrator *ad prosequendam*, and, under the Pennsylvania law, by the widow, and the plaintiff was neither of these persons. To correct this fatal mistake in the suit, the plaintiff then secured his appointment as administrator *ad prosequendam* by the proper New Jersey authority. He was then in a position to assert the cause of action which arose out of the death of his decedent, and had two courses open to him—either to bring a new suit or to substitute himself in his new capacity in the suit already instituted. On December 2, 1925, therefore, or two days less than two years after the death (the period of limitation for such actions in New Jersey), the parties by their counsel agreed that the plaintiff, Ward Smith, as administrator of the estate of the deceased in Pennsylvania, should "withdraw" from the case, and that "Ward Smith, administrator *ad prosequendam* by certificate of the Surrogate of the County of Camden, New Jersey, under date of April 20, 1925," should be "substituted" in his place, and that the new plaintiff should

be substituted for the former plaintiff in the statement of claim already filed in the case.

It is probable that, when this agreement was made, the parties supposed that the statute of limitations had not run as to the action, for the decision of the Supreme Court, in Rosenzweig *v.* Heller, 302 Pa. 279, in which it was held that in such cases the Pennsylvania limitation of one year prevails, and not the New Jersey limitation of two years, had not yet been handed down. However that may be, any mistaken understanding of the law on the part of counsel cannot, of course, affect the question, as pointed out by my brother Stern in the opinion of the majority of the court. The fact remains, therefore, that, when the agreement was made, the statute had already run for almost a year. That being so, the consent of the defendant to the substitution of the new plaintiff constituted, in my judgment, a waiver by it of the operation of the statute, which, of course, can be done in civil actions (Michelin Tire Co. *v.* Coleman, 179 Cal. 598; 37 Corpus Juris, 721, § 40) ; and, when once waived, its protection is gone and cannot thereafter be revived.

The pleadings stood thus until the case came up for trial the first time, when it was discovered that a new statement, containing the substitution agreed upon, had not been filed. A juror was, therefore, withdrawn, the case continued, and the rule to amend the statement, which is now under consideration, was taken. The defendant's objection to the amendment is based upon the well-known rule, that an amendment which changes a cause of action cannot be allowed after the statute has run. Conceding for the moment that the amendment asked for here would change the cause of action, I think that the right to urge this objection has been lost by the defendant, because it waived the statute by agreeing to substitute the present plaintiff after the statute had run. To allow a new plaintiff to come in at such a time, and then refuse him the right to plead his cause, would work a palpable injustice and defeat both the letter and the spirit of the agreement entered into between the parties. It would make of the agreement an empty form, without substance or effect, and would do violence to its plain intendments. The defendant has consented to be sued, and should not now be permitted to close the mouth of its adversary in the pleading and presentation of his case. Had the substitution itself after the statute had run been objected to, there would be force in the defendant's position, for the real change in the cause of action occurred then. The time to make such an objection has passed, however; the change is an accomplished fact, and the amendment now sought would merely perfect the record in the particulars already agreed upon.

Again, to refuse the amendment would, in my opinion, nullify that part of the agreement which substitutes the new plaintiff in the statement of claim. The proposed amendment only executes the agreement. The paragraph to be amended originally read: "The plaintiff [by reference to the opening paragraph of the statement of claim, 'Ward Smith, administrator of the estate of John Null, hereinafter for brevity called the plaintiff'] avers that on the tenth day of January, A. D. 1924, letters of administration were granted to him by the Register of Wills of Philadelphia County, appointing him administrator of the estate of John Null, deceased, and the said John Null having been a resident of the City and County of Philadelphia, State of Pennsylvania." Substituting the language of the agreement in this paragraph, it would read: "The plaintiff [by reference again to the substituted opening paragraph of the statement of claim, 'Ward Smith, administrator *ad prosequendam* by certificate of the Surrogate of the County of Camden, New Jersey, under date of April 20, 1925'] avers that on the tenth day of January, A. D. 1924, letters of

administration were granted to him by the Register of Wills of Philadelphia County," etc. This would be an absurdity, for it would be a contradiction in terms and a falsity, and by no stretch of the imagination could have been intended by intelligent counsel dealing in good faith with each other. The least that the parties intended was that the paragraph should be so changed in the substitution as to be intelligible, and should read: "The plaintiff avers that he is administrator *ad prosequendam* by certificate of the Surrogate of the County of Camden, New Jersey, under date of April 20, 1925." This being so, it is evident that the addition to such a paragraph of a statement of the law of New Jersey, under which the plaintiff acquired his administratorship, would in no way change the cause of action. Without the amendment, the paragraph might be open to the objection that it is not sufficiently specific, and, therefore, be subject to a rule for a more specific statement. The amendment here sought would merely clarify and amplify the averment—not change the cause of action. Such an amendment is always permissible, and, for this reason alone, I think the amendment should have been allowed.

But even if the statute of limitations applicable to this action had been two years, so that the substitution of the new plaintiff was made before, and the amendment to the statement sought after, the statute had run, I think it should have been allowed. Strictly speaking, it does not change the cause of action. It does not change the time, place or circumstances of the accident. The suit is still for the same death, occurring at the same place and time and from the same cause. The amendment does nothing more than set forth the basis of the plaintiff's right to bring suit. When the agreement was entered into by counsel, they must have known that it would be abortive without this amendment to the statement, and such a result could not have been intended. It is unthinkable that counsel, in making such an agreement with a professional brother, entertained a secret purpose not to permit the statement to be amended in this particular. Of course, the question never occurred to either counsel, or clear provision would have been made to meet the situation. In these circumstances, therefore, I think the law would raise an implied agreement that this amendment be made as a necessary incident to the substitution agreed upon.

I do not read the authorities relied on by the defendant as supporting its position. In Allen *v.* Tuscarora Valley R. R. Co., 229 Pa. 97, the amendment sought changed the cause of action after the statute of limitations had run by grounding the claim upon a negligent violation of a different duty prescribed by a different law. This touched the true cause of action as distinguished from a mere allegation as to the person in whom the right of action rested. So, also, in Hogarty *v.* Phila. & Reading Ry. Co., 255 Pa. 236, a plaintiff, who had counted on a common-law right of action against a railroad, was not permitted to amend his statement so as to ground his claim on a violation of the Federal Employers' Liability Act. Again, in Card *v.* Stowers Pork Packing and Provision Co., 253 Pa. 575, the amendment asked for changed the cause of action from one common law to one under the Factory Act of 1905. In all of these cases, the amendments sought involved a change in the law or facts governing the negligence sued on. They in no way touched the allegations relating to the status of the plaintiff in the case. They do not, therefore, control the question before us.

Of the two remaining cases relied on by the defendant as most nearly ruling this question, La Bar *v.* New York, S. & W. Ry. Co., 218 Pa. 261, is clearly distinguishable. In it the action was for a death in New Jersey. The suit was brought by the widow, and an agreement substituting the administratrix

in place of the widow was refused after the statute had run. There it was the intrusion into the case of the new plaintiff which was successfully opposed—not an amendment to the statement of claim after the plaintiff had come in. The other case relied on, Hall v. West Jersey & Seashore R. R. Co., 241 Pa. 399, impliedly at least supports the view that such an amendment as this can be allowed after the running of the statute. In it a New Jersey administrator ad prosequendam had neglected to plead the statute of that state which vested the right of action in him. The death occurred in 1907 and the case was tried in 1913, six years after suit was brought. Over the defendant's objection, the trial judge admitted evidence of the New Jersey statute, and, after a verdict in favor of the plaintiff, the case was appealed to the Supreme Court. That court held that, as the law of New Jersey had not been pleaded, it could not be proved, and that there was nothing either in the pleadings or the proofs to disclose a right of action in the plaintiff. Notwithstanding, however, that the statute of limitations had long run against any amendment changing the cause of action, the Supreme Court did not enter final judgment for the defendant, but reversed the judgment with a new venire. It is true that no direction was given to allow an amendment in the court below; but the only logical inference to be drawn from the action of the court in granting a new venire is that the amendment was permissible, notwithstanding the running of the statute. It would have been futile to send the case back for retrial if such an amendment could not have been allowed, for the New Jersey law could not have been proved unless it was pleaded. While this case, therefore, does not directly decide the question before us, its implications point strongly in favor of allowing the amendment. So far as precedent is concerned, there is none which requires the refusal of the amendment, and the last case cited, which is nearest in its facts to the instant case, inferentially supports the contrary view.

After all is said on one side and the other of this technical question, the underlying situation is this. The defendant is charged with having negligently caused the death of John Null. For that death the law holds the defendant responsible in damages and makes the sufferers from the death the ultimate beneficiaries of the compensation to be awarded. They can recover only through a representative, and in this case that representative is Ward Smith. In due time, before the statute of limitations had barred the action, he brought suit against the defendant in a capacity that did not entitle him to maintain the action. Later, with the consent of the defendant, he formally came into the case in his correct capacity. Why should he not be permitted to state in his pleadings the true capacity in which he sues? He is but a kind of trustee. The real plaintiffs are, and from the beginning have been, the beneficiaries of the suit. Smith is only their agent designated by law. Legal dialectics may divide him into different personalities, but the plain thinker will see little in such reasoning but a hairsplitting distinction. From the very beginning of the suit this plaintiff has been in the case, in one designation of his capacity or another, asking for a redress of the same asserted wrong, and the defendant has agreed to his being in it under his present designation. It is difficult to believe that a theory which would now deny him a chance to present his claim is either good law or sound ethics. A legal system which produces such a result defeats the ultimate aim of all law; to secure right and justice to all men in the complicated relations of human society.

The equities of this case are all with the plaintiff, and, for the reasons stated, I would grant the amendment asked for, and have dissented from the decision of the court discharging the plaintiff's rule.