## Smith, Administrator, Appellant, *v.* Pennsylvania Railroad.

Argued May 14, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Francis J. Walsh,* for appellant, cited; Hall v. R. R.,
241 Pa. 399; Allen v. R. R., 229 Pa. 97.

*Francis Biddle,* of *Barnes, Biddle & Myers,* with him
*Theodore Voorhees,* for appellee, cited: Hall v. R. R.,
241 Pa. 399; Centofanti v. R. R., 244 Pa. 255; Knight
v. R. R., 108 Pa. 250; Card v. P. & P. Co., 253 Pa. 575;
LaBar v. R. R., 218 Pa. 261; Allen v. R. R., 229 Pa. 97;
Raskus v. Ry., 302 Pa. 34.

OPINION BY MR. JUSTICE WALLING, June 27, 1931:
On December 4, 1923, John Null, the deceased, a resi-
dent of Philadelphia, while driving an automobile across
the tracks of the defendant, Pennsylvania Railroad Com-
pany, at a public grade crossing in the State of New
Jersey, met his death in a collision with one of defend-
ant's trains.   Thereafter letters of administration upon
his estate were granted to Ward Smith by the register of
wills of Philadelphia County, who, in April, 1924, as
such administrator, brought this suit and in a statement
of claim averred that Null's death was caused by the
defendant's negligence.   Later, plaintiff discovering that
by the statute of New Jersey, which governed this case,

a suit to recover for injuries causing death could be maintained only by an administrator ad prosequendum had himself duly appointed as such on April 20, 1925, by the surrogate of Camden County, New Jersey.

To correct the record, counsel for both parties, on December 2, 1925, filed of record a stipulation as follows: "Agreement of Counsel. It is agreed by counsel for plaintiff and the counsel for the defendant, that the plaintiff, Ward Smith, administrator of the estate of John Null, deceased, withdraw from the above entitled case, and that Ward Smith, administrator ad prosequendum be substituted in his place. 2. It is further agreed by counsel for the plaintiff and the counsel for the defendant that Ward Smith, administrator ad prosequendum, by certification of the Surrogate of the County of Camden, New Jersey, under date of April 20, 1925, be substituted for plaintiff, Ward Smith, administrator of the estate of John Null, deceased, in the statement of claim filed in the above case (subject to the defendant's right to object to the above substitution at the trial)." The one year limitation under our statute having then expired the amendment of the record for which the stipulation provides could not have been made adversely: Rosenzweig v. Heller, 302 Pa. 279. At the time this stipulation was filed, however, the two years allowed by the New Jersey statute in which an action for death might be brought had not expired; hence, had defendant declined to join in the stipulation this suit could have been discontinued and a new one properly brought in that state. When plaintiff sought to amend his statement of claim so as to aver the New Jersey statute giving him a right to prosecute the suit as administrator ad prosequendum the amendment was refused and later at the trial, for lack thereof, a compulsory nonsuit was granted. From the refusal to take it off, this appeal was brought by plaintiff.

In our opinion the refusal to allow the amendment was error. When the stipulation was filed the one year lim-

itation on the right to bring suit for death in Pennsylvania by which this suit was governed (Rosenzweig v. Heller, supra) had expired and, even if the amendment was one that in general could not be made thereafter, yet by reasonable construction the stipulation amounted to an implied consent thereto. An agreement will, if possible, be construed so as to be effective. Here, the only way it can be of any value is by holding that under the stipulation plaintiff may amend both the title of the case and his statement so as to permit a trial upon the merits. There was no reason for entering into the stipulation except to permit plaintiff to correct the record so that a proper trial might be had; yet, without pleading the New Jersey statute, no such trial could take place. Where the action is based upon a foreign statute, the existence of the statute must be alleged and proved: 5 Enc. of Pleading and Practice 867; 8 Am. & Eng. Enc. of L. (2 ed.) 881; 17 C. J. 1283. It is unthinkable that defendant's counsel intended to permit plaintiff to be properly named upon the record and then exclude all proof of the accident because of the failure to set up the New Jersey statute. Unless the amendment could be made, filing the stipulation was an idle gesture, which we cannot assume was the intent of counsel.

We agree with the dissenting opinion in the trial court that the stipulation amounted to an implied waiver of the fact that the statute of limitations had run; if so, the amendment should of course have been allowed. The statute of limitations is for the benefit of the defendant and may be waived (see 37 C. J. 721), and this may be by conduct inconsistent therewith.

The amendment of the title of the case, made pursuant to the stipulation, placed plaintiff properly upon the record as of the date the suit was brought, so it was not barred. The stipulation did not change the individual plaintiff but did change the right in which he sued. The suit is still on account of the same accident, for the death of the same person, by the same alleged acts of negligence and to recover for the same loss. The

proposed amendment, however, was intended to remedy an omission in the statement and afford plaintiff a standing to prosecute the action, which without it he did not have. In Hall v. West Jersey & S. R. R. Co., 241 Pa. 399, reversing a judgment for plaintiff because of a like defect, a new trial was granted, apparently to afford plaintiff an opportunity to amend the pleadings, although the right to do so was not decided, nor in view of the stipulation is it necessary to decide it here. There, as here, the statute of limitations had run. It is not a question as to whether the defendant, standing on its rights, might have defeated the action as brought in Pennsylvania by preventing the amendment of title or statement, because of the statute of limitations, but whether it could do so in view of the stipulation. Had defendant stood upon its rights then, plaintiff, as above stated, might have brought suit in New Jersey; now that opportunity is gone.

It must be conceded that under the suit as brought and statement as filed plaintiff had no cause of action, for the common law affords no right of action for death, neither does the statute of Pennsylvania nor New Jersey give an administrator, as such, the right to prosecute such an action. In Pennsylvania the right vests in certain designated members of the deceased's family and in New Jersey in an administrator ad prosequendum. We have examined the cases cited by the defendant where amendments, curing fatal defects in the pleadings, after the statute of limitations had run, were refused, but in each of them the parties were standing at arms' length and in none was there such a stipulation filed as here.

The substitution being expressly granted in the stipulation, the reserved right to dispute it at the trial is meaningless.

The order overruling the motion to take off the nonsuit is reversed, the nonsuit is stricken off and the record is remitted with direction to the trial court to allow the requested amendment, with a procedendo.