Thomas *v.* McLean, Appellant.

Argued September 29, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*James J. Burns, Jr.,* for appellant.

*Milton I. Watzman,* with him *Watzman & Groudine,* for appellee.

OPINION BY MR. JUSTICE JONES, November 13, 1950:

In this action of trespass for damages for personal injuries, the defendant filed preliminary objections on the grounds (1) that the complaint failed to state a cause of action, (2) that the court was without jurisdiction of the defendant, (3) that the action was barred by the statute of limitations[1] and (4) that the complaint was vague and indefinite. The objection principally relied upon by the defendant was the court's

---

[1] The statute of limitations is an affirmative defense to be pleaded in a responsive pleading under the heading "New Matter": see Rule 1030 of the Pennsylvania Rules of Civil Procedure. It is not, therefore, a proper subject of preliminary objections.

alleged want of jurisdiction over the person of the defendant,—a contention based on the fact that the writ of summons wherewith the defendant was served had been reissued by the prothonotary, on the plaintiff's praecipe, after the statute of limitations had run and after the original writ had expired, without service thereof, more than two years after the infliction of the injuries in suit. The learned court below overruled the defendant's first three objections but sustained the fourth, that the complaint was vague and indefinite, and entered an order to such effect on *June 2*, 1949, at the same time granting the plaintiff leave to amend within twenty days. From the order so entered, the defendant appealed on *July 22*, 1949.

Notwithstanding that the order entered by the court below was interlocutory, it was appealable, nonetheless, because disposition was thereby made of the jurisdictional question raised by the second objection. Preliminary objections now afford the appropriate procedure for raising a question of jurisdiction: Rule 1017 (b) (1). That rule replaced the Act of March 5, 1925, P.L. 23, 12 PS §672, except for the Act's provisions respecting appeals to the Supreme or Superior Courts, as the case might be. Thus, Section 3 of the Act of 1925, which is still in force, requires that an appeal from a decision on a question of jurisdiction be taken and perfected within fifteen days from the date when the decision is rendered and further provides that a failure to appeal within the time specified shall be deemed a waiver of all objections to jurisdiction over the defendant personally. As already appears, the instant appeal was not taken for upwards of seven weeks following the decision of the court below and is therefore out of time. The exception to the lower court's order, belatedly noted at the defendant's instance, was, of course, ineffectual to prolong the time for appeal: Cf. *Philadelphia Suburban Transportation Company v. DiFrances-*

*co,* 362 Pa. 326, 332, 66 A. 2d 254; and *Estate of William Frazier,* 7 Pa. Superior Ct. 473, aff'd. 188 Pa. 415, 41 A. 528.

· Appeal quashed.