## Morris v. Stanis

*James N. Peck*, for plaintiff.
*Wisler, Pearlstine & Talone*, for defendant.

FORREST, J., April 12, 1961.—In this action in trespass for personal injuries, the complaint contains an averment that the accident occurred on May 22, 1956. This action was instituted on May 28, 1958, six days after the two-year period of the statute of limitations. Defendant has sought to use a preliminary objection in the nature of a demurrer as the vehicle to raise the defense of the statute of limitations.

Pa. R. C. P. 1030 provides that the defense of statute of limitations "shall be pleaded in a responsive pleading under the heading 'New Matter.'" The Supreme Court has stated that the "statute of limitations is an affirmative defense to be pleaded in a responsive pleading . . . It is not, therefore, a proper subject of preliminary objections": Thomas v. McLean, 365 Pa. 526, 527, Footnote 1 (1950). The reason for the rule is that the statute "is not a defense absolute of which the court will take judicial notice on the allegations of the plaintiff's statement of claim [complaint], and therefore it cannot be taken advantage of by demurrer":

Quaker City Chocolate and Confectionery Co. v. Delhi-Warnock Bldg. Assn., 357 Pa. 307, 314 (1947). This view is set forth in the most recent texts on the subject: Standard Pa. Practice, vol. 4 (Revised), p. 145; 61 A. L. R. 2d 315, Anderson Pa. Civ. Pract., vol. 2A p. 260.

Counsel for defendant has argued that preliminary objections, when sworn to, should be treated as responsive answers on the merits. The lower court cases which he has cited are readily distinguished from the decisions of the Supreme Court cited hereinabove and from the case at bar. It is suggested that further expression of dissatisfaction with the Pa. R. C. P. 1030 be addressed to the Procedural Rules Committee, *not* to this court.

And now, April 12, 1961, the preliminary objection is overruled in compliance with the above opinion, and defendant is allowed 20 days to answer with new matter.