## Marucci, Appellant, *v.* Lippman.

Argued October 2, 1961. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

reargument refused February 21, 1962.

*Edward O. Spotts,* with him *James P. Gill,* for appellant.

*Donald W. Bebenek,* with him *George Y. Meyer,* and *Meyer, Darragh, Buckler & Bebenek,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 17, 1962:

On February 26, 1955, an automobile operated by the plaintiff, Joseph Marucci, was involved in an intersection collision with an automobile operated by the defendant, Sidney Lippman.

On September 22, 1955, alleging that the accident was due to the carelessness of the defendant, the plaintiff instituted this action in the Court of Common Pleas of Allegheny County to recover damages. The sheriff did not serve the writ of summons and made a return "Not Found."

On November 21, 1955, Lippman instituted an action against Marucci, in the County Court of Allegheny County, for property damage sustained in the accident which he claimed was due to the carelessness of Marucci.

On January 3, 1956, counsel for Marucci filed a petition to transfer Lippman's action from the County Court to the Court of Common Pleas.

On March 25, 1959, the cases were listed for pretrial. Marucci's counsel moved that the actions be consolidated for trial. Lippman's counsel objected and called attention to the fact that service of the summons in the Marucci action had never been effected upon the defendant. Because of this defect the pre-trial judge refused to order consolidation.

On April 1, 1959, more than four years after the accident involved, the writ was reissued in the Marucci

action and service of the writ made on the defendant. Counsel for Lippman then entered his appearance on behalf of the defendant and filed timely preliminary objections raising the question of the statute of limitations. The lower court sustained the preliminary objections and dismissed Marucci's action. From that order this appeal is prosecuted.

When the writ of summons was originally issued in the present action, the statute of limitations was tolled for a period of two years from the date of issuance, but not a day longer. See *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A. 2d 317 (1961). The action was barred when this period expired and the lower court correctly so ruled.

It is argued that Lippman waived his right to raise the defense of the statute of limitations, particularly in view of the fact that on January 23, 1959, Lippman's counsel wrote to Marucci's counsel calling his attention to the fact that the defendant had never been served and requested that service in the action be perfected.

While it is true that the defendant may waive his right to plead the statute (see *Smith v. Pennsylvania Railroad*, 304 Pa. 294, 156 Atl. 89 (1931)), we do not construe the letter involved to constitute such a waiver. *Smith* is completely dissimilar.

Lippman's counsel was understandably anxious to "clear the docket" and conclude the action. Hence the letter referred to. Until his client was legally served, it would be foolhardy for him to even enter his appearance. The defense of the statute of limitations is an affirmative one and must be specifically pleaded: Pa. R. C. P. 1030; *Thomas v. McLean*, 365 Pa. 526, 76 A. 2d 413 (1950). It could not be raised until an answer was filed and surely no answer was due until the defendant was at least served with process. To now deny the defendant the opportunity of pleading the statute, under the circumstances this case presents, and rule that he

waived his right, would tend to completely destroy the rules concerning the applicability of the statute of limitations and would further be in conflict with the pertinent decisions this Court has enunciated repeatedly over a long period of years.

Order affirmed.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Joseph Marucci and Sidney Lippman, owners of the cars they were respectively driving, met unconventionally in a conventional collision on February 25, 1955, and, hurling the charges at each other, as is customary on these occasions, that the opposite party was at fault, each sued the other for the damages they had allegedly sustained in the violent encounter. Joseph Marucci filed his claim in the Court of Common Pleas of Allegheny County on September 22, 1955. Lippman, evidently assuming that his damages were not as substantial as Marucci claimed his to be, entered on November 21, 1955, his suit against Marucci in the County Court of Allegheny County, which Court has a lesser monetary jurisdiction than the Court of Common Pleas.

Marucci's counsel, desiring that both actions be tried simultaneously, petitioned the County Court to transfer Lippman's case to the Common Pleas Court. A copy of this petition was served on Marucci's counsel who made no objection to the requested transfer. Accordingly, in due course, on May 31, 1956, the County Court transferred Lippman's case to the Court of Common Pleas.

It must be here interpolated that when Marucci instituted his trespass action against Lippman on September 22, 1955, Lippman was not readily locatable and the Sheriff on October 22, 1955, returned the writ "Not Found."

On January 23, 1959, Lippman's attorney wrote to Marucci's counsel as follows: "You filed a petition in

the above matter to have the County Court case at No. 2614 of 1955 transferred to the Common Pleas Court and consolidated with an action which you instituted against Sidney Lippman at No. 2948 October Term, 1955. I have checked the docket entries on your Common Pleas Court case and I see that Sidney Lippman was never served. This matter has dragged about 4 years and it still has not been put at issue. I am wondering if you will take action to get service on Sidney Lippman in order that we can proceed on our case of Lippman v. Marucci."

Acting on this letter, Marucci's counsel had the writ reinstated and service was made on Lippman on April 2, 1959, which, of course, was beyond the two-year statute of limitations.

On April 21, 1959, the attorney then representing Lippman in behalf of his insurance carrier, entered his appearance and filed preliminary objections, raising the matter of the statute of limitations. The objections were sustained by the common pleas court, and this appeal followed.

The Majority of this Court now sustains the decision of the lower court and, in my opinion, does a great injustice to the plaintiff Marucci. In addition, it reduces the word of Lippman's attorney to the status of mere persiflage. Why would Lippman's attorney have written to Marucci's attorney the letter above quoted if he did not intend to have Marucci's action against Lippman litigated together with Lippman's action against Marucci?

This Court from time to time raises to the top of the flagpole the flying banner of stare decisis, but here it completely ignores that valiant ensign. In *Smith v. Penna. Railroad*, 304 Pa. 294, this Court clearly expounded the law applicable to the set of circumstances involved in the present case.

In the *Smith* case, the plaintiff's decedent was killed at a railroad crossing of the Pennsylvania Railroad in New Jersey on December 4, 1923. Four months later the administrator of his estate, Ward Smith, brought an action in trespass in the common pleas court, Philadelphia County, against the Pennsylvania Railroad. It then came to Smith's attention that, according to New Jersey law, which controlled in that case, a death action could be maintained only by an administrator ad prosequendum. He accordingly had himself so appointed in New Jersey on April 20, 1925. In order, now, to correct the record in Philadelphia, he and the railroad company entered into a stipulation (December 2, 1925) whereby Smith withdrew as plaintiff in the capacity of administrator of the estate of the deceased and substituted himself as administrator ad prosequendum. By this time, the one-year limitation in the Pennsylvania statute of limitations had expired. However, the New Jersey statute providing for a two-year limitation, Smith endeavored to amend his statement of claim to aver the New Jersey statute. The defendant objected and eventually a compulsory nonsuit was entered.

This Court held that the action of the common pleas court was erroneous: "An agreement will, if possible, be construed so as to be effective. Here, the only way it can be of any value is by holding that under the stipulation plaintiff may amend both the title of the case and his statement so as to permit a trial upon the merits. There was no reason for entering into the stipulation except to permit plaintiff to correct the record so that a proper trial might be had; yet, without pleading the New Jersey statute, no such trial could take place. Where the action is based upon a foreign statute, the existence of the statute must be alleged and proved . . . *It is unthinkable that defendant's counsel intended to permit plaintiff to be properly named upon*

*the record and then exclude all proof of the accident because of the failure to set up the New Jersey statute. Unless the amendment could be made, filing the stipulation was an idle gesture, which we cannot assume was the intent of the counsel."* (Emphasis supplied).

The same can be said of the circumstances in the case at bar. To what purpose would Lippman's counsel ask Marucci's counsel to "get service on Sidney Lippman" unless he intended that Marucci prosecute his claim against Lippman? In the mosaic which goes to make up a legal controversy, every piece of evidence within the frame of the main event forms an integral part of the final picture and cannot be withdrawn, if an intelligent image is to be produced. The letter written by Lippman's counsel cannot be discarded as surplusage or something meaningless. To use the words of this Court in the *Smith* case, "it would be unthinkable" for Lippman's attorney to tell Marucci's attorney to obtain service on Lippman unless he intended that Marucci's action should be allowed to proceed to trial. In the *Smith* case we said: "The statute of limitations is for the benefit of the defendant and *may be waived* (see 37 C.J. 721), *and this may be by conduct inconsistent therewith."* (Emphasis supplied).

When the two-year limitation in this case had expired Marucci could not have proceeded with his suit adversely. However, when Lippman's attorney removed the barrier of the statute of limitations athwart Marucci's path, he invited Marucci to go forward with his litigation. In the interpretation of circumstances attendant upon negotiations between responsible parties, the factors of honesty, candor and forthright dealing are as much a part of the criteria of the law as legal principles involved in the interpretation of statutes.

We assume that Lippman, through his attorney, meant what was said in the letter of January 23, 1959, and I do not think that this Court should close the door

which he opened. His "conduct" was "inconsistent" with insistence on the statute of limitations.

I do not regard this in the sense of a disciplinary penalty being visited on Lippman. We have here simply the matter of maintaining reliability in the world of law. The whole course of orderly procedure in the courts, in government, and in life generally depends on the faith of one's assurances, promises and commitments. Without such accountability, chaos is introduced into the whole scheme of the relationship between man and man in business affairs and in all other types of negotiations.

When Marucci petitioned the county court to transfer Lippman's case against him to the court of common pleas, Lippman knew that Marucci had not gotten service on him. He could thus have objected to the consolidation of his case against Marucci with a case that had no legal existence. Instead of objecting, however, he permitted the transfer and then, as already stated, counselled Marucci to bring Lippman into court by a process which he himself outlined.

Having invited Marucci, his adversary, into the arena of legal dispute for the adjudication of their respective claims, he should not now be allowed to plead the bar of the statute of limitations. Under the ruling in the *Smith* case, it is clear to me that Lippman's conduct amounted to a waiver of the statute of limitations.