## Wood v. Parks

*Wade & Wade*, for plaintiff.
*Reilly & Fogwell*, for defendant.

RILEY, J., March 12, 1963.—On May 11, 1960, plaintiff filed a praecipe for summons in trespass in the prothonotary's office. On June 20, 1962, a complaint in trespass was filed in the action, averring a claim for damages arising from an automobile accident occurring on May 18, 1958. Defendant filed a motion to dismiss the action upon the ground that the statute of limitations had expired and it was, therefore, barred. The motion was overruled by the court on September 5, 1962, citing Rule 1030 of the Pennsylvania Rules of Civil Procedure. Defendant then filed an answer and new matter, averring that no answer was required to the complaint and then setting forth in new matter, "1. The Statute of Limitations has run on the claims." This was filed October 2, 1962. Motion for judgment on the pleadings was filed on October 30, 1962, and a reply to the new matter, in which plaintiff merely avers that defendant's right to claim the statute of limitations as a defense was barred by his unsuccessful motion to dismiss for that reason, was filed January 7, 1963. To this, defendant filed a preliminary objection requesting such answer to be stricken as being "untimely filed".

We will treat first of the motion for judgment on the pleadings. As provided in Rule 1034 of the Pennsylvania Rules of Civil Procedure, the motion was filed after the close of the period for filing of an answer to the last pleading, defendant's new matter. Defendant contends that the failure of plaintiff to reply to his "New Matter" averring the statute of limitations as a defense

is an admission of the fact that the statute has run and, therefore, he is entitled to judgment on the pleadings. Plaintiff contends that he did file an answer, admittedly some 46 days after the motion for judgment had been filed, and, in any event, no answer was required as the action was one in trespass.

The issue raised was thoroughly discussed and well treated by President Judge Rodgers, of Mercer County, in Boyd v. Rager, 9 D. & C. 2d 660, and again in Hollopeter v. Wassil, 22 D. & C. 2d 199. As Judge Rodgers points out, the language of Rule 1045 (a) of the Pennsylvania Rules of Civil Procedure is most clear and unequivocal. Dealing with pleadings in trespass actions, it states:

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

2 Anderson Pa. Civ. Pract., Comment 1045.15, page 663, arrives at the same conclusion, namely, that the rules as now written nowhere require a reply to be filed to an answer containing an affirmative defense under new matter.

In view of the Goodrich-Amram somewhat vitriolic criticism of the Boyd decision, we have most carefully weighed the wording of the rules and their meaning. Try as we may, we cannot read into the rules any interpretation that removes a reply to new matter from the category of "a responsive pleading", nor can we read any meaning into the words "all other averments" than excluding only those specifically referred to immediately above, namely, those relating to identity, agency or ownership. The rule simply states that no "responsive pleading", not just an answer to a com-

plaint or excepting a reply to new matter, but all other averments are taken to have been denied. How a meaning can be more clearly expressed with the use of plain, simple language would be difficult to imagine. We concur emphatically with the Boyd and Hollopeter decisions and determine that, under the procedural rules as now written, failure to file a reply to new matter in a trespass action will admit only those facts pleaded therein relating to identity, ownership or agency as heretofore. To hold otherwise would be to read into the rules words and limitations that simply are not there. If it is a desirable result, such is the function of the Supreme Court, the maker, and not that of this court or textbook commentators.

While upon the face of the complaint it would clearly appear more than four years elapsed since the accident and more than two years since the initial summons was issued, the question now raised is whether a motion seeking a judgment upon the pleadings is the proper method for disposition of the issue? It is true, of course, that the original issue of summons but tolled the statute for a period of two years as to personal injury claims and no more: Marucci v. Lippman, 406 Pa. 283, and Zarlinsky v. Laudenslager, 402 Pa. 290. We are aware that in each case the issue was raised upon preliminary objection seeking judgment because of the statute of limitations. Objection to the form of proceeding was not raised by any of the parties, and apparently all were satisfied that all of the factual issues that might be raisable under the circumstances upon the statute of limitations were before the court. For example, in the Zarlinski case, although quite unusual procedurally, depositions were taken and a fact issue was determined by the court under the motion and that determination appeared to be an important factor in the ultimate decision. In this case, as in the Zarlinski case, plaintiff sought to file an answer to

place in issue a factual claim, or at least a legal position, as to the averment of the statute of limitations, which, if construed as the only answer available to him, might well have been considered in that light and the issue of the applicability of the statute determined on the pleadings before us. However, defendant chose not to so permit by objecting to the filing of an answer well beyond the 20 days and after the objection seeking judgment had been filed. The objection to such answer is proper and, when objection is so raised, a reply filed so late without leave of court and after action by the other party is subject to being stricken under preliminary objection: Ross v. Holt, 19 D. & C. 2d 135. We are, therefore, deprived of the entire factual issue being before us in the pleadings.

With no reply required and none of record, the late reply being stricken under objection as above set forth, it would appear to us that plaintiff must have an opportunity to present at trial such facts as he may rely upon to avoid the bar of the statute of limitations. As pointed out in the Marucci case, supra, defendant may waive his right to plead or assert the statute and other defenses might well be available, and we may not preclude him from asserting any defense he has in that regard by a ruling upon a motion for judgment on the pleadings. Had he filed a reply asserting his position, we might have disposed of the question without waiting for actual trial. However, as the rules of procedure now read, there is no compulsion to do so nor penalty if he chose not to. The averment of the statute of limitations is assumed to have been denied under the provisions of Rule 1045(a).

Plaintiff has pressed in argument that, from the record itself, defendant has waived the right to assert the statute of limitations by filing a premature motion to dismiss which was overruled by this court. However, the court specifically dismissed the motion referring

230 to Rule 1030, which sets forth that the statute of limitations as a defense must be asserted in new matter. Rule 1045(b) affirms that even in trespass actions an answer embodying new matter is necessary to raise all affirmative defenses listed in Rule 1030. This defendant then proceeded to do, and we find no basis of waiver, intentional or otherwise, in the filing of his premature motion.

### Order

And now, March 12, 1963, the motion of defendant for judgment upon the pleadings is denied. Defendant's preliminary objection to plaintiff's reply to new matter is sustained and the answer is stricken.