Galbraith *v.* Gahagen, Appellant.

Argued October 2, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Robert B. Filson,* for appellee.

OPINION PER CURIAM, November 10, 1964:

On September 19, 1959, the plaintiffs, Stanley and Edna Galbraith, husband and wife, were injured in an accident resulting from a collision of their automobile with one owned by the defendant Erdice Gahagen. On August 22, 1961, a praecipe for summons in trespass was filed which was served on the defendant August 29, 1961. On November 16, 1963, the plaintiffs filed their complaint in trespass. On December 21, 1963, the complaint was reinstated and service made on the defendant January 2, 1964.

The defendant filed preliminary objections averring the complaint was filed more than two years after the praecipe for summons was filed and more than two years after the summons had been served on the defendant and was thus barred by the statute of limitations. The court dismissed the preliminary objection.

We find it unnecessary to decide whether the issue of the statute of limitations should have been raised by an answer containing new matter, since we agree with the court below that the defendant, having been served with the summons, was required to take the next step of ruling plaintiffs to file their complaint.

The defendant did not avail herself of Rule 1037(a) of the Rules of Civil Procedure which provides: "If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

The defendant argues that she was not obliged to ask for the rule above indicated in the circumstances, citing in this respect *Rees v. Clark*, 213 Pa. 617, *Zarlinsky v. Laudenslager*, 402 Pa. 290 and *Marucci v. Lippman*, 406 Pa. 283. In the last case, we stated: "When the writ of summons was originally issued in

the present action, the statute of limitations was tolled for a period of two years from the date of issuance, but not a day longer. See Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A. 2d 317 (1961). The action was barred when this period expired and the lower court correctly so ruled."

However, in the *Marucci* case, as in the other two cited, a summons had issued, but it was never served upon the defendant. The defendant here argues that that fact is of no moment in this case because we had stated, as quoted above, that the statute of limitations was tolled for a period of two years from the date of issuance of the summons, "but not a day longer." Thus, the defendant seeks to interpret the legal conclusion there stated as something separate and apart from the facts on which the conclusion was based.

If a plaintiff does not bother to obtain service of the summons on the defendant, he, then, must become the moving party. The defendant, who has not been served with the summons and thus has no knowledge thereof cannot be required to be the moving party. In such a situation the defendant is in no position to invoke Rule 1037(a). But where the plaintiff has had the summons served upon the defendant, and the defendant is thus brought onto the record by proper service and he is thus made aware of the lawsuit pending against him, he cannot complain if the plaintiff takes his time and files the complaint more than two years after service. If any harm is incurred by defendant as a result of such delay, it results from his own failure to employ the weapon given him under Rule 1037 to force the plaintiff to file the complaint.

We therefore hold that the defendant having been served with the summons should have required plaintiffs to file their complaint earlier. Having failed to do so she cannot now complain that the statute of limitations has barred further action.

Order affirmed.