Goldstein *v.* Stadler, Appellant.

Argued March 19, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

590

*James F. Manley,* with him *Burns & Manley,* for appellant.

*Roslyn M. Litman,* with her *Litman, Litman, Harris and Wecht,* for appellees.

OPINION BY MR. JUSTICE JONES, April 20, 1965:

On January 13, 1963, Sharon Goldstein, a minor, by her parents, Rose Goldstein and Meyer Goldstein, and Rose Goldstein and Meyer Goldstein, in their own behalf (Goldsteins), caused a summons in trespass to be issued in the Court of Common Pleas of Allegheny County against Daniel Stadler for damages for injuries alleged to have been suffered by the minor child in a motor vehicle accident which occurred on January 20, 1961. On July 22, 1964, Goldsteins filed a complaint in trespass and on July 23, 1964, caused the writ of summons, which had not been served, to be reissued. On July 28, 1964, the reissued writ was served upon Stadler.

Stadler then filed an answer containing "New Matter" wherein he averred that the reissued summons in trespass had been improperly served after the original writ of summons had expired and after the statute of limitations had run and, therefore, any claims which Goldsteins might have had were barred. Goldsteins filed preliminary objections to Stadler's "New Matter" alleging that the facts set forth in "New Matter" did not bar Goldsteins' cause of action by reason of the statute of limitations. The court below sustained Goldsteins' preliminary objections to Stadler's "New Matter" and struck off such "New Matter" in an order entered on *September 29, 1964.* Stadler, on October 14, 1964, filed an appeal to this Court and on *December 8, 1964, perfected* such appeal, two months and eleven days subsequent to the date of the order of the court below.

The affirmative defense of the statute of limitations was properly pleaded by Stadler under "New Matter": Rule 1030, Pa. R.C.P.[1]

---

[1] In *Thomas v. McLean*, 365 Pa. 526, 76 A. 2d 413, the defendant, by way of *preliminary objections*, raised the question of the lack of jurisdiction over the defendant's person and, in support thereof, relied upon the contention that the original writ of summons had not been served and the writ was reissued after the original writ had expired and after the statute of limitations had run. Seemingly, this Court approved that procedure: "Preliminary objections now afford the appropriate procedure for raising a question of jurisdiction: Rule 1017(b)(1)." (365 Pa. at 528). This statement in *Thomas* caused some difficulty to the Superior Court as evidenced by that which was said in *Zoller v. Highland Country Club*, 191 Pa. Superior Ct. 207, 210, 156 A. 2d 599; that Court found it difficult to perceive in either *Thomas* or *Zoller* "a question of want of jurisdiction over the person separate and apart from the question of the statute of limitations, which is an affirmative defense to be pleaded under new matter and not a proper subject of preliminary objections." See also: *Marucci v. Lippman*, 406 Pa. 283, 285, 177 A. 2d 616; *Rabben v. Steinberg*, 187 Pa. Superior Ct. 28, 31, 142 A. 2d 400. The decisional point of *Thomas* is that, where a preliminary objection raising questions of jurisdiction is filed, the time for taking and perfecting an appeal from a decision on such preliminary objection is limited to 15 days regardless of the procedural propriety of raising the question on preliminary objections. In *Echon v. P.R.R.*, 365 Pa. 529, 76 A. 2d 175, this Court pointed out that in personal actions the statute of limitations constitutes only a procedural bar to the remedy and not to the cause of action itself. In other types of action, such as workmen's compensation and mechanic's lien, the statute of limitations may be a bar to the cause of action and not merely to the remedy. In the latter types of action, where a defect appears on the face of the pleadings, a preliminary objection in the nature of a demurrer may be proper but in the types of action where the bar of the statute of limitations goes to the remedy not the cause of action, the affirmative defense of the statute must be raised in New Matter since the procedural bar may be waived by agreement, by conduct or by circumstances constituting estoppel and the pleading of the statute under New Matter will afford the opposite party the opportunity to plead, if it can, a waiver of the statute.

While it is difficult to conceive of the statute of limitations in personal actions as a "jurisdictional" question, this Court in *Thomas,* supra, did consider, in a factual matrix very similar to that in the case at bar, that, where a writ was reissued and served after the original writ had expired and after two years from the date of the injury had run, a "jurisdictional" question was raised. However, we need not determine in this case whether or not the question is "jurisdictional" because in either event this appeal must be quashed.

If we treat the order of the court below as dispositive of a *jurisdictional* question, then the only basis for this appeal is by virtue of the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. Section 3 of that statute[2] provides, inter alia: "The appeal here provided for must be taken *and* perfected within fifteen days from the date when the decision is rendered". (Emphasis supplied). See: *Thomas v. McLean,* supra, p. 528. The present appeal, while *taken* within fifteen days, was not *perfected* until 55 days from the date of the order of the court below and, on that basis, must be quashed.

On the other hand, if the order of the court below should be treated as not dispositive of a question of *jurisdiction,* then this appeal must likewise be quashed as the order would then be an interlocutory order not made appealable by statute.

Appeal quashed.

---

[2] Act of March 5, 1925, supra, §3, 12 P.S. §674.