## Holland v. Spiker

*Gordon C. Post, Jr.,* for plaintiff.

*Errol L. Fullerton* and *L. Ivan Hudson,* for defendants.

LYON, J., February 24, 1966. — This case comes before the court upon a preliminary objection to the complaint in trespass contending that the statute of limitations has expired. The complaint seeks damages for personal injuries.

Plaintiff contends that pleading the statute of limitations in a preliminary objection is premature, because the applicable rule of civil procedure requires that it be pleaded as an affirmative defense, and, further, that the statute has not expired.

Since we are here affirming plaintiff's first contention, we shall not recite facts giving rise to the contentions of the parties relative to the statute of limitations. If the parties so desire, this matter can probably be decided by the court prior to trial on an appropriate motion for judgment on the pleadings.

Pennsylvania Rule of Civil Procedure 1030 provides that the defense of statute of limitations " shall be pleaded in a responsive pleading under the heading 'New Matter' ". The Supreme Court has stated that the statute of limitations is an affirmative defense to be pleaded in a responsive pleading: Thomas v. McLean, 365 Pa. 526, 527, footnote 1 (1950). The reason for the rule is as stated by our Supreme Court in Quaker City Chocolate and Confectionery Company v. Delhi-Warnock Building Association, 357 Pa. 307 (1947), where Justice Stern, at page 314, states:

"However, if a defendant chooses to raise the bar of the statute it must be pleaded; it is not a defense absolute of which the court will take judicial notice on the allegations of the plaintiff's statement of claim, and therefore it cannot be taken advantage of by demurrer: (citations omitted). If plaintiff, by proof of

any facts, circumstances or transactions not appearing in the present record, can bring its claim within the statutory period, it should be given an opportunity to do so in pursuance of an amended statement of claim".

This view is set forth in most recent texts on the subject: 4 Standard Pa. Prac. 145; 61 A. L. R. 2d 315; 2A Anderson, Pa. Civ. Prac. §1030.3.

Undoubtedly the mandate of Pa. R. C. P. 1030 causes unnecessary delay in determination of cases where, as here, all facts relative to the statute are a matter of court record and are not disputed by the parties. At least one lower court has so held in deciding the statute of limitations question on a preliminary objection. See Roberts v. Wachowski, 43 Luz. 60 (1952). A review of Pennsylvania appellate court decisions on this subject discloses only one case where the Supreme Court decided the issue on a preliminary objection. The factual situation presented by Marucci v. Lippman, 406 Pa. 286 (1962), was apparently never anticipated by the framers of Pa. R. C. P. 1030. Plaintiff had filed a praecipe for summons which was duly issued but never served within the following two years. Defendant thereupon filed a preliminary objection to the summons, contending that the statute of limitations had expired. Although it is not patently clear from the decision, defendant apparently contended that this issue was an affirmative one under Pa. R. C. P. 1030. The Supreme Court noted the requirements of the rule, but held that under the circumstances presented by that case, it was proper to raise the defense of the statute of limitations in a preliminary objection, because under Pa. R. C. P. 1030, "it could not be raised until an answer was filed and surely no answer was due until the defendant was at least served with process". However, the holding of Marucci v. Lippman is probably limited to the facts of that case. Galbraith v. Gahagen, 415 Pa. 500 (1964),

presented the identical factual situation, except that service of the summons was made within the following two-year period. The court there said that it was "unnecessary to decide whether the issue of the statute of limitations should have been raised by an answer containing new matter. . . ."

It is hoped that the Supreme Court, either by decision or amendment to its rules of civil procedure, will permit pleading the defense of statute of limitations in a preliminary objection under circumstances here existing. But until such occurs, we are compelled under the foregoing citations of authority to hold that the statute of limitations in a personal injury case must be pleaded in an answer under the heading of "New Matter".

### ORDER

And now, February 24, 1966, the preliminary objection is dismissed, and defendants are allowed 20 days within which to plead to the complaint.

### EXCEPTION

And now, February 24, 1966, an exception is granted to the above order for defendant.