## Casner, Admx. v. Norwalk Truck Lines, Inc.

*John B. Schaner*, for plaintiff.

*Horace J. Culbertson*, for defendant.

LEHMAN, P. J., June 6, 1966.—Plaintiff, as administratrix of the estate of decedent, brought this action

for the wrongful death of decedent against the named defendants. Defendants Norwalk Truck Lines, Inc., and David R. Smoker filed an answer to said complaint, and defendant Norwalk Truck Lines, Inc., also filed a counterclaim. To these latter pleadings, plaintiff filed preliminary objections and moved for judgment. Defendants Norwalk and Smoker have filed preliminary objections to plaintiff's preliminary objections. We are now to decide the matter in this procedural juncture.

Defendants' answer sets forth paragraph by paragraph responses to each of the allegations of plaintiff's complaint. Plaintiff has filed what purports to be preliminary objections complaining that paragraphs 1 to 104 inclusive of defendants' pleading are insufficient answers.

We approve of defendants' method of attacking the preliminary objections of plaintiff. Preliminary objections to preliminary objections are proper. It is the only method of clarification available to one called upon to answer preliminary objections which might be ambiguous or otherwise improper: Clark v. Zerbey, 72 Montg. 7.

Plaintiff has made no attempt to indicate the nature of each preliminary objection or grounds relied upon for each objection. Rather, there has been an attempt to seek judgment at this point with an overall complaint that defendants' answer is insufficient. A party using this form of pleading is required to designate specifically the preliminary objections upon which he relies, for the reason that he may not make any objection not provided for under the rules: Pa. R. C. P. 1017 (b) ; Doyle v. Springfield Township Board of Commissioners, 46 Del. Co. 9; Sterner v. Sterner, 17 Monroe 1. This plaintiff has failed completely to do, and defendants' preliminary objections in this regard must be sustained.

Plaintiff has attempted to plead the bar of statute of limitations by preliminary objection instead of raising it in a responsive pleading under "New Matter", as required by Pa. R. C. P. 1030. It is not, therefore, a proper subject of preliminary objections: Goldstein v. Stadler, 417 Pa. 589, 208 A. 2d 850, and cases cited therein.

In view of these conclusions, it is not necessary to consider plaintiff's motion for judgment, since the pleadings are not closed at this time, as required under Pa. R. C. P. 1034.

For these reasons, we enter the following:

ORDER

Now, June 6, 1966, it is ordered, adjudged and decreed that defendants' preliminary objections to plaintiff's preliminary objections are sustained. Leave is hereby granted to plaintiff to file responsive pleadings within 20 days. Exception is noted to John B. Schaner, Esquire, counsel for plaintiff.