## Pargas of Tannersville, Inc. v. Case

*Francis H. S. Ede* and *Mervine, Brown & Newman*, for plaintiff.

*Edwin Krawitz*, for defendant.

WILLIAMS, P. J., March 6, 1969.—This is an action in assumpsit to recover $1,230 with interest from October 3, 1960, for bottled gas sold by plaintiff to defendants on an open book account. From exhibit A attached to plaintiff's complaint it appears that prior to October 3, 1960, defendants had incurred an indebtedness to plaintiff in the amount of $1,326.69; that after that date, defendants made many purchases from plaintiff and paid in cash the exact amount of each purchase as the gas was delivered. This exhibit further shows a payment of $26.69 on May 8, 1965, reducing the balance to $1,300. It likewise shows a payment of $25 on May 8, 1965, a payment of $25 on July 7, 1965, and a payment of $20 on August 30, 1965, leaving a balance of $1,230 still unpaid.

Defendant has filed a preliminary objection to the complaint in the form of a demurrer. The objection is that the complaint shows on its face that plaintiff's claim is barred by the statute of limitations. The preliminary objection must be dismissed.

Pennsylvania Rule of Civil Procedure 1030 provides:

"All affirmative defenses, including . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter'."

Under this rule, the defense of the statute of limitations may not be raised by demurrer. It must be raised by answer under the heading of "New Matter".

The precise question here raised by defendants was decided against defendant's position in Holland v. Spiker, 39 D. & C. 2d 463 (1966), where it was expressly ruled that the defense of the statute of limitations may not be raised by demurrer even though the facts relative to the statute are a matter of record and are not in dispute.

A footnote to the opinion of the Supreme Court in Thomas v. McLean, 365 Pa. 526 (1950), states:

"The statute of limitations is an affirmative defense to be pleaded in a responsive pleading under the heading 'New Matter'; see Rule 1030 of the Pennsylvania Rules of Civil Procedure. It is not, therefore, a proper subject of preliminary objections".

Here, plaintiff's exhibit A shows a running book account between plaintiff and defendant extending over a period of years. This account shows payments on account without any specification as to which items the payments were to be applied to. In the absence of proof to the contrary, the court applies the payments to the oldest obligations in point of time. See Brubaker v. Williams, 56 Lanc. 279 (1958). Such an application of payments would take the entire debt out of the statute of limitations and for that reason alone, even if the filing of preliminary objections raising the statute of limitations was procedurally correct, it is necessary to dismiss the preliminary objections.

This suit was instituted against Dorothea M. Case and Edward H. Case Estate. While the question has not been raised by the preliminary objection, the court feels it has the duty to point out that a deceased person may not be made a party to a suit and any such action is completely void: Thompson v. Peck, 320 Pa. 27 (30) (1935) and cases there cited. See also Casner v. Fisher, 22 D. & C. 2d 1 (1960). This being true, it is obvious that the present action so far as it relates to the "Edward H. Case Estate" is absolutely void. Counsel

for both parties should give consideration to the fact that the action is absolutely void as to Edward H. Case Estate and take the action appropriate to the situation.

We enter the following:

ORDER

And now, March 6, 1969, the preliminary objections are dismissed and defendants given a period of 20 days to file an answer to plaintiff's complaint.