**Sorgini v. Porter**

*Vincent A. Cirillo,* for plaintiff.
*William H. Pugh, 4th,* for defendants.

HONEYMAN, J., January 13, 1970.—This is a suit for personal injuries alleged to have been sustained in an accident which occurred on July 28, 1967. Suit was instituted by writ of summons in trespass on August 10, 1967, but service of the summons was not made due to the fact that the word "hold" was written on the summons. Subsequently, a complaint in trespass was filed on July 30, 1969, and service thereof was made upon defendants on August 11, 1969. The writ of summons in trespass was not reissued at any time. Subsequently, defendant filed preliminary objections in the nature of a demurrer and the case was argued before the court en banc.

According to rule 1007 of the Pennsylvania Rules of Civil Procedure, the filing of a praecipe for a writ of summons in trespass would constitute the commencement of the action. The filing of the complaint on July 30, 1969, would not necessarily be barred by the statute of limitations even though it was done two days after the statutory period had run.

However, there is ample case law in this State to support the proposition that where plaintiff has notified the prothonotary to "hold" the praecipe, this act nullifies the effect of such filing and will not commence the action: Bittler, Admx. v. Rocco Bono Equipment Rentals, 38 D. & C. 2d 458 (1966).

Further, in Peterson v. Philadelphia Suburban Transportation Company, 435 Pa. 232 (1969), the court held:

"Here admittedly, the service of a writ of summons upon Valley was held up for three and one-half years after the filing of the praecipe which commenced the action. It (Valley) was a named defendant in a suit

by the plaintiff, but never served because of an 'order' by the plaintiff to the sheriff to 'hold'; this in spite of the mandatory language of Rule 1009(a) . . . The Court below was correct in concluding that 'The "hold" order by Plaintiff on the summons naming . . . (defendant) makes the summons a nullity . . .' (citing cases). We agree entirely with this conclusion."

Although rule 1010(b) says "a writ may be reissued . . . at any time and any number of times," the court in Peterson said, at page 241: ". . . it is not meant to create rights ad infinitum in anyone, . . . 'This Rule is inadequately worded and its language must be construed by reasonable interpretation . . . a writ of summons may be reissued only for a period of time which, measured from the date of original issuance . . . is not longer than the period of time required by the applicable statute of limitations for the bringing of the action . . .' " '

There is, however, an issue of fact presented as to the origin of the "hold" order written on the face of the praecipe. Counsel for plaintiff denies writing or authorizing the writing of the word on the praecipe.

In David C. Krout v. Anchor Motor Freight, Inc., 81 York 131, the court was faced with a similar factual situation in which counsel for plaintiff and the deputy prothonotary each filed sworn affidavits denying responsibility for ordering a "hold" of the praecipe. The court decided this to be a question properly to be tried by the fact finder.

Thus, it would appear that such a factual determination is in order, for certainly counsel should not be penalized for an act over which he had no control, especially one with such a final and disastrous result. On the other hand counsel should not be able to enjoy the benefits of filing a praecipe if he had actually ordered the holding of the issuance of such praecipe.

Therefore, it is imperative that a jury, or in the case of a waiver, a judge without a jury, be allowed to pass on this issue.

Finally, defendant has raised the statute of limitations by means of a demurrer. Procedurally, this is in error. In Goldstein v. Stadler, 417 Pa. 589 (1965), the court laid down the guidelines for this procedure in a long footnote on page 591:

". . . this Court pointed out that in personal actions the statute of limitations constitutes only a procedural bar to the remedy and not to the cause of action itself. In other types of action, such as workmen's compensation and mechanic's lien, the statute of limitations may be a bar to the cause of action and not merely to the remedy. In the latter types of action, where a defect appears on the face of the pleadings, a preliminary objection in the nature of a demurrer may be proper but in the types of action where the bar of the statute of limitations goes to the remedy not the cause of action, the affirmative defense of the statute must be raised in New Matter since the procedural bar may be waived by agreement, by conduct or by circumstances constituting estoppel and the pleading of the statute under New Matter will afford the opposite party the opportunity to plead, if it can, a waiver of the statute."

Therefore, defendant has not properly raised the defense of the statute of limitations by way of preliminary objection in the nature of a demurrer.

## ORDER

And now, January 13, 1970, it is ordered that the preliminary objections of defendant are hereby overruled without prejudice to the right of defendant to plead the statute of limitations under new matter. Defendant is hereby directed to file an answer within 20 days.