## Holzer v. Masters

*William D. Boyle,* for plaintiff.
*Rudolph Lynch,* for defendant.

MIHALICH, J., March 30, 1972.—This case comes before the court en banc for consideration of defendants' "Preliminary Objections In The Nature Of A Demurrer" which were filed pursuant to Rule 1017(b)(4) of the Pennsylvania Rules of Civil Procedure.

Plaintiff commenced his action with a complaint in

assumpsit filed on February 24, 1971. The basis of plaintiff's claim is an alleged oral or verbal contract between plaintiff and defendants.

The salient features of this contract are set forth in paragraphs 3, 4 and 5 of plaintiff's complaint and are as follows:

"3. On or about the month of January, 1964, the said Plaintiff entered into and made an oral or verbal contract with the Defendant, whereunder the Plaintiff in consideration of the promise of receiving certain shares of stock equivalent to the value of $4,000.00 in a proposed company to be named M and R Dodge, Incorporated, the Plaintiff transferred legal title and possession to William D. Masters, one of the major promoters and later one of the major shareholders of M and R Dodge, a 1962 Mercedes Benz, Serial Number 220S034550.

"4. On January 2, 1964, the Defendant, William D. Masters, trading and doing business as Rambler Latrobe Motors, gave Robert J. Holzer, Plaintiff, an acknowledgement of receipt for the aforementioned car and its subsequent sale on January 9, 1964, which is attached hereto and marked Exhibit 'A' and incorporated herein by reference.

"5. The verbal or oral agreement entered into between the Plaintiff and Defendants was to take the proceeds of the sale of the aforementioned car and have an exchange of shares of stock in M and R Dodge, Incorporated."

Plaintiff's complaint incorporates an alleged receipt signed by William D. Masters. This receipt is attached to the complaint as Exhibit "A," is dated January 2, 1964, and sets forth the following:

"To Robert J. Holzer:

"Received from Robert J. Holzer, 338 James Street, Latrobe, Pa., a 1962 Mercedes Benz—Serial No.

220S034550 for resale. Sold Mercedes Benz 1/9/64. Received $1200.00 and a 1960 Cadillac—Serial No. 60K125840 also holding for resale. Credit due Robert J. Holzer $1200.00 plus amount received for Cadillac when sold less repairs and selling expense."

Plaintiff, in his request for damages, demands "$3,000.00 with interest from the date of final determination of the sale price of the Mercedes Benz."

Plaintiff's complaint appears to be ambiguous in that it alleges a contractual obligation by defendants to deliver $4,000 worth of stock and in the request for damages, plaintiff demands $3,000, plus interest. The reason for this apparently ambiguous conversion appears to be lurking in the allegations of paragraph 8 in the complaint, which indicates a dissolution of the corporation.

On March 16, 1971, defendants filed "Preliminary Objections In The Nature Of A Demurrer." The first reason submitted by defendants in their aforementioned preliminary objections is that the statute of limitations destroys plaintiff's right of action. Defendants further aver that the Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31, provides a six-year statute of limitations, which cannot be waived. This court disagrees with defendants' contention that the aforementioned statute of limitations destroys plaintiff's right of action and that the aforementioned statute of limitations cannot be waived.

The Supreme Court of Pennsylvania, in reference to the affirmative defense of the statute of limitations, stated the following:

"While it is true that the defendant may waive his right to plead the statute (see Smith v. Pennsylvania Railroad, 304 Pa. 294, 156 Atl. 89 (1931)), we do not construe the letter involved to constitute such a waiver": Marucci v. Lippman, 406 Pa. 283, 285 (1962).

It is the opinion of this court that Rule 1030 of the Pennsylvania Rules of Civil Procedure requires defendants to plead their affirmative defense of the statute of limitations under "New Matter" in their responsive pleading. Rule 1017(b) of the Pennsylvania Rules of Civil Procedure does not permit the raising of the defense of the statute of limitations by preliminary objections except where the statute of limitations is not waivable. Such is not the case here, and the defense must be raised in accordance with the provisions of rule 1030. See Ziemba v. Hagerty, 436 Pa. 179, 181 (1969). Also see Goldstein v. Stadler, 417 Pa. 589, 591 (1965). Rule 1030 of the Pennsylvania Rules of Civil Procedure provides the following:

"All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver, shall be pleaded in a responsive pleading under the heading 'New Matter.' A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading."

The second reason set forth in defendants' preliminary objections is that the statute of frauds bars plaintiff's right to recover. This court believes that defendants are again untimely in raising this affirmative defense. The affirmative defense of the statute of frauds must be raised in accordance with Rule 1030 of the Rules of Civil Procedure.

Therefore, the court will enter the following order:

## ORDER

And now, March 30, 1972, it is hereby ordered,

adjudged and decreed that defendants' preliminary objections in the nature of a demurrer are dismissed and defendants are directed to file their responsive pleadings within 20 days of the date hereof.