## Misco International Chemicals, Inc. v. Spritz

*Roger Roisman*, for plaintiff.
*Joseph Pozzuolo*, for defendant.

BRADLEY, *P.J.*, July 14, 1977—Defendant has filed preliminary objections to plaintiff's complaint in assumpsit for moneys allegedly due on account.

The first objection raises questions concerning the statute of limitations applicable to this action. Plaintiff, in response to this objection, argues that the statute of limitations defense may not be raised on preliminary objections.

Under Pa.R.C.P. 1017(b)(4), the defense of statute of limitations may be raised on preliminary objections only if the statute is "nonwaivable," and if the applicability of the statute appears clear from the face of the record. Under this rule, even if the statute's applicability appears clear from the face of the record, the issue may not be decided on preliminary objections if the particular statute of limitations is "waivable."

Court decisions have generally established that a waivable statute of limitations is a time limit for bringing an action which may be waived "by agreement, by conduct or by circumstances constituting estoppel." Goldstein v. Stadler, 417 Pa. 589, 591, 208 A. 2d 850 (1965). Generally, a statute of limitations is waivable if the statute conditions only the remedy, and does not act as a bar to the right itself: Goldstein, supra.

Echon, Amrx. v. Pennsylvania R. Co., 365 Pa.

529, 76 A. 2d 175 (1950), held that the statute of limitations applicable to wrongful death proceedings was a waivable statute. The court found significant the wording of the statute plus the fact that the statute of limitations was not part of the act which created the wrongful death right of action. By contrast, the Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §602, contains a statute of limitations within the terms of the act which is strongly worded. Consequently, the Workmen's Compensation statute of limitations is nonwaivable: Echon, supra; and Guy v. Stoecklein Baking Company, 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938). See also Roman v. Allegheny General Hospital, 56 D. & C. 2d 687 (C. P. Allegheny 1971).

Other statutes of limitation found waivable are applicable to trespass claims for property damage: Marucci v. Lippman, 406 Pa. 283, 177 A. 2d 616 (1962); trespass claims for personal injury and property damage: Goldstein v. Stadler, supra.; Ziemba v. Hagerty, 436 Pa. 179, 259 A. 2d 876 (1969), and Mangino v. Steel Contracting Co., 427 Pa. 533, 235 A. 2d 151 (1967); and general contract claims for damages, Holzer v. Masters, 55 D. & C. 2d 166 (Westmoreland 1972); and Yohey v. Lacoe, 51 D. & C. 2d 448 (Columbia 1971). By contrast, the statute of limitations to a fradulent debtor's attachment action is nonwaivable: Yohey v. Lacoe, supra.

In the present action defendant is relying on either of two possible statutes of limitations—the general six-year statute found waivable in Holzer v. Masters, supra, and Yohey v. Lacoe, supra, and the four-year statute found in the Uniform Commercial Code, April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725, article on sales.

The former statute was found waivable in Holzer

and Yohey, and this court agrees with those decisions. Consequently, defendant may not raise that statute on preliminary objections.

The Uniform Commercial Code statute is part of a general statutory scheme which codifies and modifies in part general common law contract law as it relates to sales of goods. The code explicitly retains many common-law principles, section 1-103. In addition the code statute of limitations expressly indicates that no modification of prior law relating to waiver is contemplated: §2-725(4). The court therefore finds the U.C.C. statute of limitations is also waivable. Consequently, defendant may not raise this statute of limitations on preliminary objections either.

Defendant also objects, alleging lack of capacity to sue, citing to the Act of May 5, 1933, P.L. 364, art. X, sec. 1014, as amended, 15 P.S. §2014. Essentially, that act requires a foreign business corporation to obtain a certificate of authority to do business in the Commonwealth before a suit may be prosecuted in Pennsylvania courts.

Unlike the statute of limitations issue, the defense of lack of capacity to sue may be raised on preliminary objections: Pa.R.C.P. 1017(b)(5). A petition raising lack of capacity under 1017(b)(5) need not be limited to facts which appear on the record, but may contain additional factual allegations in support of its position: Philadelphia Court Rule 139. The court finds that defendant is entitled to have any factual issues related to capacity to sue resolved on preliminary objections prior to filing any answer to the complaint.

However, the procedure for raising and deciding factual issues on petition is well regulated and does not include the right to an in-court hearing on the facts. Pa.R.C.P. 206-209 require a petition contain-

ing factual allegations, an answer by opposing counsel and scheduling of depositions to resolve any disputed issues of fact. See also Philadelphia Court Rule 140(D).

Here, defendant did not allege sufficient facts in support of its petition. Defendant merely alleges that plaintiff is a Kansas corporation and has never, either by itself or through one of its assignors, procured a certificate of authority to do business in Pennsylvania. Defendant has not alleged that plaintiff or its assignors ever did business in Pennsylvania, and in addition plaintiff's complaint contains no allegations to that effect.

Accordingly, the court is dismissing defendant's second preliminary objection raising the defense of lack of capacity. Defendant is granted leave to raise the issue by way of answer and new matter.

It is therefore

## ORDERED

July 14, 1977, that defendant's preliminary objections be, and hereby are, dismissed.