Zarlinsky, Appellant, *v.* Laudenslager.

Argued November 16, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*James Weirbach,* with him *Theodore R. Gardner,* for appellants.

*W. H. Neely,* with him *Samuel D. Frederick,* and *Snyder, Wert, Wilcox, Frederick & Doll,* for appellee.

Opinion by Mr. Chief Justice Jones, January 16, 1961:

This action for the recovery of damages allegedly suffered by the plaintiffs, husband and wife, as the result of a two-car automobile collision, was commenced with the filing of a praecipe for the issuance of a writ of summons in trespass against the defendant. The writ was duly issued but never served. It was not until more than two years and eight months after the action had been begun that the plaintiffs filed their complaint.

The question involved on these appeals is whether the action is barred, to the extent that damages for personal injuries are claimed, by a court promulgated rule fixing a limitation of time within which a plaintiff, after causing a writ of summons to issue which was not served, must act in order to protect the efficacy of the process and thus keep the cause of action alive.

The accident, which the plaintiffs charge to alleged tortious conduct of the defendant, occurred on December 29, 1950. The husband and wife plaintiffs, who were driver and passenger respectively in one of the cars involved, filed their praecipe for the issuance of a writ of summons in trespass against the defendant, the driver of the other car, on September 29, 1952. As already indicated, the writ was issued but never served. On June 16, 1955, the plaintiffs filed their complaint which, as amended, claims damages for personal injuries to the wife plaintiff, medical expenses incurred and to be incurred by the husband plaintiff therefor, and property damage to the husband's automobile and consequent loss to him.

The defendant's answer to the complaint alleged, under the heading of New Matter, that the "action is barred by the Statute of Limitations." On September 20, 1956, the deposition of the defendant was taken in which he stated that he had entered the United States Navy on February 19, 1952, spent his entire naval service at Bainbridge, Maryland, and was discharged on December 1, 1953. He further deposed that he had spent the first three months after his discharge at his father's home in Allentown and that, since sometime in February of 1954, he has resided continuously in Stroudsburg, Pennsylvania. He was not questioned as to whether he had attempted to conceal his whereabouts.

On September 25, 1956, the defendant moved for judgment on the pleadings, whereon the court granted

a rule on the plaintiffs to show cause why judgment of non pros should not be entered against them. The plaintiffs filed a reply on October 17, 1957, to the defendant's answer and new matter wherein they averred, as the defendant's deposition had disclosed, that he was in the military service of the United States from February 19, 1952, to December 1, 1953; that the plaintiffs were without knowledge of the defendant's whereabouts between February 12, 1953, and May of 1955, although diligent search for him had been made by them and on their behalf; and that the defendant sought actively to conceal his whereabouts from the plaintiffs both during his period of military service and thereafter. The plaintiffs also averred that, as a consequence of negotiations, an understanding was reached on May 19, 1953, between plaintiffs' attorney and a person acting as agent for both the defendant and his insurance carrier that no further action was to be taken until the defendant returned from active military service and made his whereabouts known to the plaintiffs.

The depositions of both of the plaintiffs and their attorney were taken and submitted to the court below. On May 19, 1959, the court entered judgments on the pleadings for the defendant as to so much of the plaintiffs' complaint as claimed damages for personal injuries to the wife, leaving standing that part of the complaint which claims damages for property loss to the husband's automobile. It is those judgments from which the plaintiffs have appealed.

The statute of limitations for the bringing of an action to recover damages for personal injuries which do not result in death is two years. §2 of the Act of June 24, 1895, P.L. 236, 12 PS §34. This statutory provision is without direct bearing on the issue here involved since the plaintiffs filed their praecipe for a writ of summons against the defendant on September

29, 1952, which was within two years of the happening of the accident. The statutory period of limitation becomes important, however, by analogy and furnishes the basis for the rule decisionally promulgated by this court with respect to the period of time within which a plaintiff must act to protect the efficacy of a writ of summons issued but not served.

Prior to the adoption of the Pennsylvania Rules of Civil Procedure, we held on a number of occasions that, when a statute of limitations required an action to be brought within a specified period of time and such an action was instituted by the issuance of a writ of summons against the defendant which was not served, the plaintiff could continue process to keep his cause of action alive by the issuance of an alias writ of summons, but that he had to do so within a period of time which, measured from the issuance of the original writ, was not longer than the time required by the applicable statute of limitations for the bringing of the action, and that subsequent pluries writs of summons had to be issued within the same period of time measured from the issuance of the preceding writ. *Mayo v. James Lees and Sons Company,* 326 Pa. 341, 192 Atl. 459 (1937) ; *Prettyman v. Irwin,* 273 Pa. 522, 117 Atl. 195 (1922) ; *Bovaird and Seyfang Manufacturing Company v. Ferguson,* 215 Pa. 235, 64 Atl. 513 (1906). Thus it was, that this court imposed a rule of limitation for the continuing of process to keep alive an action by analogy to the statute of limitations for the bringing of the action.

The Pennsylvania Rules of Civil Procedure abandoned alias and pluries writs of summons and provide, in lieu thereof, for the reissuance of the original writ. Specifically, Rule 1010(b) provides that "A writ may be reissued . . . at any time and any number of times." This Rule is inadequately worded and its language must be construed by reasonable interpretation. The

same limitation is to be applied to the time in which a writ of summons may be *reissued* as was formerly applied for *the issuance* of an alias or pluries writ, i.e., a writ of summons may be reissued only for a period of time which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. See: 2 Pennsylvania Civil Practice, Sec. 1010.5; 1 Goodrich-Amram Procedural Rules Service, §1010(b)-1.

The appellants contend, however, that in this case the judicially imposed limitation upon the period of time in which process could be continued should have been computed by excluding the time that the defendant was in the military service. If this contention be correct, then the filing of the appellants' complaint comes within two years after they had filed their praecipe for the issuance of a writ of summons against the defendant; and, so, the requirements of the rule having thus been satisfied, the cause of action for damages for personal injuries remains viable.

Appellants rely upon Section 4 of the Act of April 18, 1861, P.L. 408, 51 PS §21, which provides that, "No civil process shall issue, or be enforced against any person mustered into the service of this state or of the United States, during the term for which he shall be engaged in such service, nor until 30 days after he shall have been discharged therefrom: Provided, that the operation of all statutes of limitations shall be suspended upon all claims against such person during such term." This section, however, was repealed by §135 of the Act of April 13, 1887, P.L. 23, which provides, inter alia, that all "acts, or supplements, or parts thereof . . . supplied by the provisions of this act, be and the same are hereby repealed." Section 4 of the Act of April 18, 1861, P.L. 408, was supplied by

Section 127 of the Act of April 13, 1887, P.L. 23, for these two sections, except for punctuation and capitalization, are identical. The entire Act of April 13, 1887, P.L. 23, was repealed by the Act of April 5, 1927, P.L. 122, No. 92.

The appellants further rely upon §205 of the Soldiers' and Sailors' Civil Relief Act of 1940,[1] which provides that: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the *bringing* of any action or proceeding in any court . . . by or against any person in military service . . . whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service . . ." (Emphasis supplied). But this Section expressly applies to the limitation of time for *bringing* an action, not to a limitation of time for the continuing of process in an action already brought and avails the plaintiffs nothing.

The plaintiffs also contend that the defendant is estopped from raising the plaintiffs' delay in filing their complaint, as a barrier to the cause of action for personal injuries, because of the conduct of the defendant's agent, an adjuster for his insurance company. The opinion of the court below discusses at length the testimony whereon this contention is founded and justifiably concludes on the basis of the testimony of the plaintiffs' own attorney (whom the court specifically accredited) that he had not been misled into not filing the plaintiffs' complaint within the current two-year period by any talk of possible settlement in his conversations with the defendant's agent. Brief reference to the facts, as set forth in the opinion of the court below, will readily confirm the correctness of the

---

. [1] Act of October 17, 1940, c. 888, 54 Stat. 1178, 50 App. U.S.C.A., §501 et seq.

court's conclusion in this connection: "On December 5, 1952, one Mr. Cocklin, an adjuster for the defendant's insurer, met Judge Gardner, then—and now—counsel for plaintiffs," the possibility of settlement was canvassed by them, the adjuster saying, inter alia, "We will settle. It's only a question of how much." The importance of the "how much" to any possible settlement is dramatized by the fact that the plaintiffs were demanding $5,000 and the adjuster offering $200. "Judge Gardner candidly stated that a few days later the adjuster informed him they would not settle and that he then told the adjuster, 'Well then, I might as well file a complaint.'" From this, as well as other confirmatory facts, the court below concluded that since this testimony ". . . comes from so reliable a witness as Judge Gardner and since it is uncontradicted, we assume that plaintiffs have stated their best case . . ."

We agree with the reasoning of the court below that the plaintiffs failed to make out a case for the tolling of the decisionally long-established limitation of the time within which a plaintiff must act to continue process in an action once begun and service on the defendant has not been had and that, therefore, the cause of action for damages for personal injuries to the wife plaintiff and consequent loss or damage to her husband, is barred.

Judgments affirmed.