## Shipman v. Welsh

*Daniel F. Martini*, for plaintiff.

*Louis Cohen*, for defendant.

FORTNEY, P. J., January 22, 1962.—Plaintiff on October 2, 1961, filed a complaint in trespass to recover damages sustained in an automobile collision which occurred May 25, 1960, on United States Highway Route 122 at or near its intersection with Fifth Street in the Borough of Mount Carmel, this county. The complaint avers that the damages sustained by plaintiff were due to the negligent operation of an automo-

bile by defendant, which automobile was owned by the father of defendant. The address of defendant was unknown, but the owner of the automobile resided at 216 South Locust Street, Centralia, Columbia County, Pennsylvania.

Upon its receipt, the sheriff of Northumberland County deputized the sheriff of Columbia County to serve the complaint. The sheriff of Columbia County returned that on October 4, 1961, at 4:20 p.m., he served the within writ on defendant, Anthony J. Welsh, Jr., at his residence 216 South Locust Street, Centralia, Columbia County, Pennsylvania, by handing to his father, Anthony Welsh, Sr., a true and attested copy of the within complaint and making known unto him the contents thereof.

The father of defendant on October 16, 1961, filed preliminary objections. . . .

The second preliminary objection attacks the service upon defendant because, as a minor and a member of the United States Navy, he is now stationed in Morocco, Africa, and has no idea when he will be able to come back to the States to answer or prepare any pleadings.

Pennsylvania Rule of Civil Procedure 2029 (a) provides: "Where a minor is a defendant, the original process in an action shall be served upon him in the manner prescribed for the service of a like process upon an adult defendant." We must assume there is no objection to the service of the complaint on the father of the minor under ordinary circumstances.

The real question in this case is whether there is a statutory exemption of an individual in the military service of the United States Government stationed beyond the territorial limits of the United States.

Counsel for defendant seems to rely on section 4 of the Act of April 18, 1861, P. L. 408, which provides:

"No civil process shall issue, or be enforced against any person mustered into the service of this state or the United States, during the term for which he shall be engaged in such service, nor until thirty days after he shall have been discharged therefrom: *Provided*, That the operation of all statutes of limitations shall be suspended upon all claims against such person during such term." The fallacy of this position is that the above Act of Assembly was repealed: Zarlinsky v. Laudenslager, 402 Pa. 290, 295.

Defendant contends, as we understand his position, that under no circumstances can service be made upon him while he is a member of the United States Navy, stationed in Morocco, Africa. With this contention we can not agree. We believe the rights of plaintiff should be preserved when process is served in the manner provided by Pennsylvania Rules of Civil Procedure, but it is also necessary that the rights of defendants in military service should be protected. The military service is not a sanctuary to permanently protect a defendant from his lawful obligations. We do not know whether defendant enlisted voluntarily, whether his period of enlistment is for two years or eight years, or whether he is subject to rotation and transfer to the continental boundaries of the United States within the near future, nor whether he may make the Armed Forces his permanent career. Indeed, we have no way of knowing whether he will ever return. See Anderson v. Jaszenski, 81 D. & C. 428.

We conclude the service of the complaint is proper, and service of the amended complaint should be had in the same manner. Hence the following:

### Order

And now, January 22, 1962, the second preliminary objection is dismissed and it is directed that the amended complaint be served in the same manner as

448

was the original complaint. After such service, in the exercise of our judical discretion, we direct that further proceedings in this action be stayed and suspended until 30 days after defendant shall have been discharged or released or fail to return from active military service.

Appropriate exceptions are noted for the parties in interest.