389 A.2d 665

**Ellen BRASLOW, a minor, by her parent and natural guardian, Philip Braslow, and Philip Braslow, in his own right, and Emanuel Horenstein, Appellants,**

**v.**

**Sonya Marie SWARTZ and David L. Schmidt.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1977.

Decided July 12, 1978.

190

M. Klevan, Philadelphia, with him Frank Weitzman, Philadelphia, for appellants.

John J. Seehousen, Philadelphia, with him James M. Marsh, Philadelphia, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal is from the lower court's order sustaining appellees' preliminary objections and dismissing appellants' complaint with prejudice. We reverse the lower court and order the reinstatement of the complaint.

On February 5, 1974, appellants filed a complaint in Philadelphia County alleging a cause of action in trespass arising out of a motor vehicle accident that occurred on February 28, 1972, in Montgomery County. The complaint was reinstated on June 11, 1974 and was directed to be served. Preliminary objections attacking service were sustained and the service was quashed.[1] The case was then transferred to Montgomery County in response to appellants' motion. *See* Pa.R.C.P. No. 1006(e).

A certified copy of the record was received and docketed in the office of the Montgomery County Prothonotary on December 11, 1974. Simultaneously, the complaint was separately filed and docketed at the same term and number. The complaint was not served at this time.[2]

On September 29, 1976, the complaint was reinstated and ultimately served on appellees. Preliminary objections were filed contending that the action was barred for lack of timely service. Appellees alleged that after the complaint was filed in Montgomery County on December 11, 1974, the appellants took no further action to effectuate service. Appellees argued therefore that the filing of the complaint in Montgomery County was a nullity. If appellees' contention had been correct, then more than two years would have elapsed from June 11, 1974, the date of the previous reinstatement and the action would have been barred.[3] Unfor-

1. Although it is not clear from the record, appellants apparently deputized the Montgomery County Sheriff to serve appellees in that county.

2. Appellants apparently believed service had been made because they subsequently entered a default judgment for failure to answer the complaint. The default judgment was stricken on appellees' motion since they had not been served.

3. In *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A.2d 317 (1961), our supreme court interpreted Rule 1010(b) to include the same limitation to the time for reissuance of a writ or reinstatement of a complaint "as was formerly applied [to] *the issuance* of an alias or pluries writ, i. e., a writ of summons may be reissued only for a period of time which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limita-

tunately for appellees, our supreme court on November 24, 1976, decided *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976).

In *Lamp,* the supreme court held that the filing of a praecipe for a writ of summons was sufficient to toll the statute of limitations despite the fact that the plaintiff had instructed the prothonotary not to deliver the writ to the sheriff for service. The same rule obviously applies to the reissuance of a writ or reinstatement of a complaint. Therefore, if the filing of the complaint in Montgomery County was a sufficient reinstatement, the failure of appellants to deliver the complaint, or have it delivered, to the sheriff did not nullify the effect of the reinstatement.[4]

The lower court sustained appellees' preliminary objections on grounds somewhat different from those asserted in appellees' petition. In its opinion the lower court reasoned in part that

"the commencement of an action, whether by writ or complaint tolls the running of the statute of limitations . . . . [H]owever, . . . the statute is tolled only for a further period equivalent to the period prescribed by the statute for the cause of action involved . . . . . Thus, the statute of limitations in the present case was tolled by the filing of the complaint on February 5, 1974. Thereafter plaintiffs had two years within which to perfect the action by serving defendants, or until February 5, 1976, and 'not a day longer'. (citations omitted)." Lower court opn. at 2; PR 26a.

tions for the bringing of the action." *Id.,* 402 Pa. at 295, 167 A.2d at 320 (emphasis original).

4. It is important to note that all of the operative facts of the instant case occurred prior to February 22, 1977, the effective date of the supervisory rule announced in *Lamp v. Heyman, supra.* Under the supervisory rule, the supreme court held that henceforth a writ of summons shall remain effective to commence an action only if the plaintiff "refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.,* 469 Pa. at 478, 366 A.2d at 889. We express no opinion as to the effect of the rule on a case with facts similar to those now before us.

194

In viewing the case as it did, the lower court completely ignored the June 11, 1974, reinstatement in Philadelphia as well as the filing of the complaint in Montgomery County on December 11, 1974, pursuant to the transfer order of the lower court in Philadelphia.

Appellees now contend that the filing of the complaint in Montgomery County did not effect a reinstatement of the complaint. If appellees are correct, the claim is barred because the complaint would not have been reinstated within two years of June 11, 1974, the date of the previous reinstatement. We disagree with appellees, however, and therefore reverse the lower court. The premise to appellees' argument is that

> "[t]he fact that . . . the case was *transferred* to Montgomery County, does not supply the need for some *process* within the judicially established two year period . . . . Plaintiff did not order service of the complaint in Montgomery County until September 29, 1976, well beyond the two year period which began to run on June 11, 1976, the date of the last prior process." Appellees' brief at 5.

In our opinion, *Lamp v. Heyman, supra,* conclusively establishes that for cases prior to the effective date of the supervisory rule, even an active attempt to delay service does not affect the ability of a reinstated complaint to extend the time limits for a subsequent reinstatement under *Zarlinsky v. Laudenslager, supra. See* note 3, *supra.*

Appellees' arguments aside, the question remains whether the *filing* of the complaint in Montgomery County was equivalent to a reinstatement. As I read our Rules of Civil Procedure, there is no provision specifically dealing with this issue. It may well be that under our unified judicial system the mere filing of the record, after a Rule 1006(e) transfer, in the transferee county would be insufficient to constitute a reinstatement. Where, however, the complaint is separately filed after the transfer has been

ordered, we believe it should be considered to be reinstated. Once the complaint was filed in Montgomery County, it could have been served under Rule 1010(a).[5] The lower court was of the opinion that the filing of the complaint would constitute the commencement of a new action which would be barred by the statute of limitations for failing to file within two years of the accrual of the cause of action. We disagree that the filing of the complaint under the facts of the instant case amounted to the commencement of an action. To hold that the filing of the complaint amounted to the commencement of a new action in Montgomery County would effectively abrogate Rule 1006(e) which was designed to avoid the necessity for a new action to be commenced when venue has been successfully challenged. *United States Cold Storage Corp. v. Philadelphia,* 427 Pa. 624, 235 A.2d 422 (1967); *Tyson v. Basehore,* 22 Cumb.L.J. 53, *aff'd mem.,* 222 Pa.Super. 572, 295 A.2d 189 (1972). Thus where the complaint is filed in the transferee county under the same term and number as the transferred record, we hold that the complaint has been reinstated.

Based on the foregoing, we reverse the order of the lower court and remand the case for further proceedings.

HOFFMAN, J., concurs in the result.

CERCONE and VAN der VOORT, JJ., dissent and would affirm.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

5. As previously noted, the fact that service was delayed would be irrelevant under the facts of this case.