City of Philadelphia, Appellant *v.* Mabel R. Brantner, Appellee.

Submitted on briefs November 20, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Alan J. Davis*, City Solicitor, with him, *Stewart M. Weintraub*, Deputy City Solicitor, and *Ellis Eisen*, Assistant City Solicitor, for appellant.

*Michael Radbill*, for appellee.

OPINION BY JUDGE CRAIG, December 16, 1981:

The City of Philadelphia appeals an order by the Court of Common Pleas of Philadelphia sustaining appellee Mabel Brantner's preliminary objections and dismissing the city's assumpsit complaint against her to recover delinquent city wage taxes, penalties and interest for 1967, 1968 and 1969.

Although the city filed its complaint in January of 1972, service was not accomplished until January 10, 1980, after the city twice reinstated the complaint. The court based its decision on 42 Pa. C. S. §§5527(6) and 5524(5), subjecting governmental units' actions to recover taxes and penalties to limitations of six and two years respectively. Applying the holding in *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961), the court found that the city's delay of almost eight (8) years from the filing date of the original complaint to its reinstatement barred the action under the statute of limitations.

The city relies upon Philadelphia Code Section 19-509 (presently 19-510),[1] which suspends the start-

---

[1] 19-509. Limitation of Actions.

(1) Any suit to recover any tax imposed by this Title, other than real estate and personal property taxes, shall be begun within six (6) years after such tax is due or within 6 years after a return or a report has been filed, whichever date is later; but this limitation shall not apply in the following cases:

ing point for a statute of limitations so long as the taxpayer has not filed a return. The city's complaint averred that "the defendant has failed to file tax returns and/or to pay to the Department of Collections, the taxes, or the balance of the taxes due under the aforesaid Ordinances, in the sum of $426.10. . . ."

Brantner's preliminary objections asserted that the action was barred by the statute of limitations, and stated "[d]efendant filed tax returns and/or paid taxes for the years 1967, 1968 and 1969 which caused the Statute of Limitations to start running."

Although the affirmative defense of statute of limitations may be raised by preliminary objection in the nature of a demurrer, see Pa. R.C.P. No. 1017 (b)(4), such a pleading is inappropriate for that purpose where the facts are not settled upon the face of the pleadings as admissions or otherwise. See *Buggy v. Coney Island Restaurant, Inc.*, 260 Pa. Superior Ct. 143, 393 A.2d 1053 (1978) (order sustaining a demurrer reversed where a factual question had to be resolved before the validity of the plaintiff's claim could be determined).

Both parties in this case have frustrated clarity by using "and" plus "or" in their pleadings, linked by the ambiguity of a virgule. The city averred the taxpayer's failure to file returns "and/or" to pay taxes; Brantner's speaking demurrer inexplicably answered that she filed returns "and/or" paid taxes. The courts are entitled to straightforward fact pleading, not obfuscatory wording and punctuation, leaving multiple interpretations open.

Consequently, we must reverse and remand to the court below with directions to dismiss Brantner's preliminary objections, with leave to file an answer and

---

(a) Where the taxpayer has failed to filed [sic] the return or report required under the provision of this Title.

new matter, if desired. Pa. R.C.P. No. 1030. With the necessary factual elucidation, the matter might be resolved on a motion for summary judgment. Pa. R.C.P. No. 1035.

## ORDER

Now, December 16, 1981, the order of the Court of Common Pleas of Philadelphia, No. 1708, dated July 31, 1980, is reversed, and the case is remanded for proceedings consistent with this opinion.