**Snavely Silo Sales, Inc. v. Rockwood & Co.**

*H. Reginald Belden, Jr.* and *Kate J. Fagan,* for plaintiffs.

*B. Patrick Costell,* for defendant.

HUDOCK, *J.,* September 13, 1983 — This case is currently before the court on a motion for judgment on the pleadings filed by defendant Butler Manufacturing Company, hereinafter referred to as Butler. Although several defendants are named in the caption, only Butler has been served with process and filed any pleadings. The action in Assumpsit, and the complaint alleges that an individual by the name of Robert White entered into an agreement with plaintiff Snavely to purchase a Herd King Silo and certain accessories including a "winch assembly" for use with the silo upon its erection on the farm of Robert White. Plaintiff Snavely then placed an order with plaintiff Clayton and Lambert Manufacturing Company (hereinafter referred to as Clayton and Lambert) which in turn purchased the above described winch from one or more of the other defendants. Robert White suffered injury in the use of the winch and brought an action in the Court of Common Pleas of Westmoreland County at No. 860 October term, 1966, and obtained a verdict.

The defense raised in the "New Matter" of defendant Butler is that of the Statute of Limitations contained in 42 Pa. C.S.A. §5525, effective June 27, 1978.

A summary of the facts set forth in defendant Butler's brief, not contested by plaintiff's and appearing in the pleadings are as follows:

10-13-68: Date of injury to Robert White

9-29-71 verdict rendered against Snavely and

Clayton and Lambert in favor of Robert White in trespass action.

9-27-73 Snavely and Clayton and Lambert file praecipe for issuance of Writ of Summons in Assumpsit against Butler and other Defendants.

9-30-75 Praecipe to reissue writ of summons and complaint in assumpsit filed

3-25-81 Complaint in assumpsit reinstated

4-3-81 Process served on Butler.

Plaintiffs Clayton and Lambert filed a reply to new matter which, in pertinent part, reads as follows:

4. Paragraph 36 of defendant's new matter is specifically denied in that plaintiff's continually attempted service on defendants, Butler Manufacturing Company, to no avail, and so effectively kept alive the cause of action.

Neither in the pleadings nor in plaintiff's brief do they claim any fraud or other unusual circumstances. Their defense to the statute of limitation is that their attempt to effect service should operate as an estoppel as to defendant Butler claiming the statute of limitations.

It is clearly the law that an unserved writ of complaint must be revived by being reissued or reinstated within a period not longer than the period of time required by the applicable Statute of Limitations for the bringing of the action. Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A.2d 317 (1961); Marucci v. Lippman, 406 Pa. 283, 177 A.2d 166 (1962); Mangino v. Lieber, 442 Pa. 594, 277 A.2d 823 (1971); see also 2 Pa. Civil Practice, Section 1010.5.

On September 30, 1975, the complaint in assumpsit was filed by plaintiffs. Thereafter the process could be kept alive only by a reissuance or reinstatement of the process within the applicable

period of limitations. On June 27, 1978, Section 5525 of the Judicial Code, 42 Pa. C.S.A. §5525, became effective and provided that actions upon a contract implied in law were subject to a four year limitation period. 42 Pa. C.S.A. §5525(4). Due to its contractual nature, a claim for indemnity is governed by the Statute of Limitations applicable to contract actions. Thermo King Corp. v. Strick Corp., 467 F.Supp. 75, affirmed 609 F.2d 503. Additionally, Sections 25(a) and (b) of the Act of July 9, 1976, P.L. 586, No. 142 further provides:

"(a) Any civil action or proceeding:

(1) the time heretofore limited by statute for the commencement of which is reduced by any provision of this act; and

(2) which is not fully barred by statute on the day prior to the effective date of this act; may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less, notwithstanding any provisions of Subchapter B of Chapter 55 of Title 42 (relating to civil actions and proceedings) or any other provision of this act providing a shorter limitation.

(b) No cause of action fully barred prior to the effective date of this action shall be revived by reason of the enactment of this act."

Consequently on September 30, 1975 a new six year period of limitations commenced to run. However, the Judicial Code, reduced the six year period of limitations to a four year period and under Section 25 required plaintiffs to take steps to toll the period of limitations by reissuance or reinstatement within one year after the effective date of the Act, June 27, 1978 which in this case would be June 27, 1979. Since the complaint was not reinstated until March 25, 1981, it is clearly beyond the period of

the statute. The court agrees with defendant's statement of the law and its brief at page 11 that: Inability to find or to serve defendant is no excuse for not reissuing the writ within the statutory period. Failure to reissue within the proper time limit leaves defendant free to assert the statute of limitation. Goodrich Amram 2d Section 1010(b): 1, P.512. This rule applies even though defendant cannot be served because he is out of the country. Will v. Malasky, 432, Pa. 246, 247 A.2d 788 (1968). Defendant's citation of Whitman v. Sun Ray Drug Co., 70 Schuy. Leg. Rec. 134 (1974) is hardly binding precedent and is not even appropriate to our facts since plaintiff has already pled all the facts in its reply to new matter which it believes to constitute an estoppel, has not raised any other in its brief, and has not even requested that the court grant leave to amend their reply to new matter to allege some other grounds constituting estoppel. Consequently, judgment on the pleadings should be granted in favor of defendant Butler and against plaintiffs.

### ORDER OF COURT

And now, this September 13, 1983, judgment on the pleadings is granted in favor of defendant, Butler Manufacturing Co., a corporation, and against plaintiffs Snavely Silo Sales, Inc., a corporation, and Clayton and Lambert Manufacturing Co., a corporation.