Patrick **DELLAPE** and Bernadine Dellape, Appellants,

v.

Dennis E. **MURRAY** and Linda J. Johnson.

Commonwealth Court of Pennsylvania.

Argued Sept. 22, 1994.
Decided Dec. 9, 1994.

David M. Axinn, for appellants.

Louis C. Long, for appellees.

Before DOYLE, KELLEY and NEWMAN, JJ.

NEWMAN, Judge.

Patrick and Bernadine Dellape (Dellapes) appeal an order of the Court of Common Pleas of Blair County (trial court) granting summary judgment in favor of Dennis E. Murray (Murray), Superintendent of Schools, and granting partial summary judgment in favor of Linda Johnson (Johnson), a school security guard. We affirm.

The Dellapes are owners of a business known as Fire House Foods, Inc. (Fire House Foods) in Altoona, Pennsylvania. Fire House Foods is close to Altoona Area High School. On July 21, 1989, the Altoona Area High School adopted a policy that declared Fire House Foods off-limits to its students.

Following the inception of the school's policy, the Dellapes sought legal action against Murray and Johnson. On March 29, 1990,

the Dellapes filed a writ of summons, dismissed by a judgment of non pros on August 13, 1991. Meanwhile, Fire House Foods closed in February 1991.

The Dellapes filed a complaint on August 28, 1991 against Murray and Johnson seeking damages on the following grounds: (1) Murray tortiously interfered with Fire House Foods' business relations; (2) Johnson tortiously interfered with Fire House Foods' business relations; and (3) Johnson defamed the Dellapes and Fire House Foods.

On March 6, 1992 the Dellapes amended their complaint and specifically alleged that Murray, as Superintendent, pressured the Board to adopt the off-limits policy for Altoona high school students that frequented Fire House Foods; that Johnson, in her capacity as a security guard, exceeded the scope of her employment authority by videotaping students entering and leaving Fire House Foods; and that Johnson made defamatory remarks on February 6, 1990 concerning alleged drug activities that occurred in the vicinity of Fire House Foods.

Murray and Johnson, on July 9, 1992, filed a motion for summary judgment, which the trial court denied on December 2, 1992. On February 26, 1993, Murray and Johnson amended their answer and filed new matter in which they raised the defense of the statute of limitations to the Dellapes' allegations. On March 25, 1993, Johnson and Murray filed a second motion for summary judgment.

The trial court granted summary judgment in favor of Murray on January 12, 1994. The trial court also granted summary judgment in favor of Johnson on the defamation claim but denied summary judgment on the claim for tortious interference with business relations. The Dellapes have filed a timely appeal to this Court.

We turn to the following issues on appeal: (1) whether the Dellapes' cause of action for tortious interference with business relations is a continuing tort and therefore not barred by the statute of limitations with respect to Murray; and (2) whether the defamation ac-

tion's the statute of limitations was tolled while Johnson was on active military duty.[1]

■ Our standard of review for a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993). Summary judgment should only be granted in a clear case, and the moving party bears the burden of demonstrating that no material issue of fact remains. *Id.* There must be a review of the record in a light most favorable to the non-moving party. *Id.* In this capacity, we first answer whether tortious interference with business relations is a continuing tort.

The statute of limitations for tortious interference with business relations is two years. 42 Pa.C.S. § 5524(3). The Dellapes argue that the actions of Murray in influencing the Altoona School Board constituted a continuing tort and that the limitations period is not a bar to this lawsuit. Also, the Dellapes maintain that Murray's alleged actions caused permanent harm in destroying Fire House Foods' business and that damages accrued every day that the off-limits policy was in effect.

However, Pennsylvania case law emphasizes that when harm is permanent and can be compensated in a single action, the party cannot escape the defense of the statute of limitations. *Graybill v. Providence Township,* 140 Pa.Commonwealth Ct. 505, 593 A.2d 1314 (1991); *Mancia v. Department of Transportation,* 102 Pa.Commonwealth Ct. 279, 517 A.2d 1381 (1986). Moreover, in *Eagan v. U.S. Expansion Bolt Company,* 322 Pa.Superior Ct. 396, 469 A.2d 680 (1983), the Superior Court held that a plaintiff's cause of action for a similar tort, interference with contractual relations, accrued in 1967 when plaintiff *first* became aware that defendant was writing letters to his customers to dissuade customers from doing business with plaintiff. The Superior Court held that plaintiff's suit, filed in 1975, was barred by the statute of limitations because statutes

begin to run when causes of action accrue. *Id.*

We note that merely because the Dellapes' harm is continuous in nature does not make their cause of action against Murray a continuing tort. *See* 2 S. Feldman, *Pennsylvania Trial Guide,* § 22.11 (2d rev. ed 1991). The alleged tort in this matter is one that arises from completed conduct that caused continuing harm. Here, Murray's action in getting the Board to adopt an off-limits policy was complete when the Board adopted the policy. We hold that the trial court's granting of summary judgment in favor of Murray was appropriate.

■ The second issue before this Court is whether the statute of limitations for a cause of action in defamation was tolled by the Soldiers' and Sailors' Civil Relief Act of 1940, Act of October 17, 1940, 50 U.S.C.App. § 525 (Act). This Act reads, in pertinent part, that:

> [t]he period of military service shall not be included in computing any period . . . limited by any law . . . for the bringing of any action . . . in any court . . . by or against any person in military service . . . whether such cause of action . . . shall have accrued prior to or during the period of such service.

The statute of limitations for a defamation cause of action is one year. 42 Pa.C.S. § 5523(1). Although Johnson was on active duty from September 27, 1990 until June 13, 1991, we find that the Pennsylvania Supreme Court's decision in *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A.2d 317 (1961) is dispositive of this issue.

In *Zarlinsky,* the plaintiffs attempted to use the Act to toll the statute of limitations on a complaint because the plaintiffs failed to serve their initial writ of summons. Two years and eight months after the filing of the writ, the Zarlinskys filed a complaint on the same matter. The Court of Common Pleas of Lehigh County entered judgment on the pleadings and the Zarlinskys appealed to the

---

1. Johnson served on active duty in the United States military from September 27, 1990 through June 13, 1991.

Supreme Court of Pennsylvania. The plaintiffs argued that their own dilatory conduct in filing a complaint in a timely fashion should be excused under the Act because defendant Laudenslager served in the military for eleven months following the issuance of the Zarlinskys' original writ of summons.

The Pennsylvania Supreme Court held that the plaintiffs were not protected under the Act because the Act applies

> to the limitation of time for *bringing* an action, not to a limitation of time for the continuing of process in an action already brought and avails the plaintiffs nothing.

*Id.* at 295–96, 167 A.2d at 320 (emphasis in original). Moreover, it was not the intention of the Act to "keep a cause of action alive." *Id.* at 291, 167 A.2d at 318.

The instant matter is controlled by *Zarlinsky.* Here, the Dellapes initially issued and served a writ of summons on Johnson. A judgment of non pros was entered on the Dellapes' writ. Then, the Dellapes attempted to file a complaint against Johnson in an untimely fashion relying on the Act to keep their cause of action alive.

Yet, just as the *Zarlinsky* Court found, the Act does not save this untimely complaint from the one year statute of limitations for defamation. The Dellapes cannot use the Act as a shield. The Act applies to the time limit for commencing an action and not to a time limit for the process on an action already brought that has yet to yield a reward to the plaintiffs.

Thus, the statute of limitations has run on the Dellapes' defamation claim against Johnson, and summary judgment was granted properly to Johnson.

We, therefore, affirm the trial court's grant of summary judgment to Murray, and its grant of partial summary judgment to Johnson.

### ORDER

AND NOW, December 9, 1994, we affirm the order of the Court of Common Pleas of Blair County with respect to its granting a summary judgment in favor of Dennis E. Murray, and its granting a partial summary judgment in favor of Linda J. Johnson.

DOYLE, J., concurs in the result only.

FRIEDMAN, J., did not participate in the decision in this case.