NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3291
_____


KAREN SARPOLIS, individually and as administratrix
Of the Estate of Angela Anastacia Miller,

Appellant

v.

ALLAN TERESHKO; HEATHER TERESHKO; POST & SCHELL, P.C.;
PENNSYLVANIA PROFESSIONAL JOIN LIABILITY
UNDERWRITING ASSOCIATION;
UNIVERSITY OF PENNSYLVANIA COMMUNITY HEALTH NETWORK;
COMMUNITY HEALTH SYSTEMS, INC.; CHOP NEWBORN CARE;
LIVE MESSAGE AMERICA, INC.; CHESTNUT HILL HEALTHCARE
MEDICAL ASSOCIATES

_____


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-005521)
District Judge: Honorable Petrese B. Tucker
_____


Submitted Under Third Circuit LAR 34.1(a)
November 19, 2015

Before: AMBRO, HARDIMAN, and NYGAARD, Circuit Judges

(Filed: January 7, 2016)

---

OPINION[*]

---

AMBRO, Circuit Judge

Appellant Karen Sarpolis appeals the dismissal with prejudice of her state-law civil conspiracy and fraud claims. She contends that the District Court erred in exercising supplemental jurisdiction over those claims rather than remanding them to state court. Sarpolis also contends that the District Court erred in dismissing her civil conspiracy claim because the element of malice was adequately pleaded. For the reasons stated below, we affirm the District Court.[1]

## I. Background

This case stems from a prior medical malpractice action that Sarpolis started in state court. In 2005, she filed a complaint in the Philadelphia Court of Common Pleas alleging that her daughter died as a result of medical malpractice at Chestnut Hill Hospital. In December 2008 and January 2009, certain pretrial motions in the case were assigned to Judge Allan Tereshko, who ordered the parties to attend a settlement conference. After the conference, on January 23, 2009, Judge Tereshko entered an order stating that, as the Court had been informed that the parties had reached a settlement, the case would no longer be listed for trial save that any party could request that it be

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

2

returned to the trial list by written motion. Although Sarpolis was represented by counsel in the malpractice action, no such motion was filed.

Proceeding *pro se*, Sarpolis began this action in 2013 by filing a complaint against Judge Tereshko in the Philadelphia Court of Common Pleas. In an amended complaint, Sarpolis claimed that Judge Tereshko was part of a wide-ranging conspiracy to defraud her and devalue her malpractice claim, and also named all of the Appellees as defendants, including the University of Pennsylvania Community Health Network, Community Health Systems, Inc., and Post & Schell, P.C.[2] Although the basis of her claims is not altogether clear, Sarpolis appears to make two central allegations: first, that the University of Pennsylvania and Community Health Systems conspired to avoid liability for malpractice claims in their acquisition of Chestnut Hill Hospital, and did so by "tampering with evidence, witnesses and judges in the pending [malpractice] cases." Am. Compl. at ¶ 18. Second, "[b]*efore* Defendant Allan Tereshko … perform[ed] any judicial acts, he conspired with Post and Schell, [the Pennsylvania Professional Liability Joint Underwriting Association], and his wife Heather Tereshko to have the case transferred to his jurisdiction with the intent to obstruct justice and assist in carrying out the [d]efenses' objectives for disposition of the case." *Id.* at ¶ 45 (emphasis in original). Specifically, Judge Tereshko allegedly failed to disclose that his wife was employed by Post & Schell and to recuse himself on that basis, pressured Sarpolis to accept a low

---

[2] Sarpolis' claims against the remaining Appellees are no longer at issue, as by order dated June 29, 2015, we granted motions to affirm the District Court's dismissal of all claims against the Pennsylvania Professional Liability Joint Underwriting Association, Heather Tereshko, and the Children's Hospital of Philadelphia Newborn Care.

3

settlement offer, and made the false promise that the case could be easily reinstated if the settlement were not finalized.[3] Sarpolis does not deny that she accepted a tentative settlement in the malpractice action, but she alleges that the settlement never became final because opposing counsel from Post & Schell insisted on unreasonable settlement terms.

Based on these allegations, the amended complaint alleged one count of civil conspiracy and three counts for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO").  The defendants removed the case to the Eastern District of Pennsylvania and filed motions to dismiss.  In Pennsylvania, a civil conspiracy claim requires allegations sufficient to state an independent cause of action underlying the conspiracy, *see McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. Ct. 2000), and the District Court liberally construed the amended complaint to allege fraud and fraudulent inducement as the objects of the conspiracy (although the latter claim was first raised in Sarpolis' briefing).  The Court analyzed the fraud claims in conjunction with the civil conspiracy claim and determined that it should be dismissed for four reasons:

> (1) [Sarpolis'] underlying claim of fraud is barred by the applicable statute of limitations;
> (2) [She] is not entitled to the equitable remedy of statutory tolling because [she] did not exercise due diligence in bringing this action;
> (3) to the extent [she] seeks to assert a claim for fraud in the inducement in entering the settlement agreement, [the District Court] is not the proper forum for [her] to bring such a claim; and

---

[3] While these allegations arise from judicial acts by Judge Tereshko, the parties do not raise the issue of judicial immunity, and because we affirm the dismissal of all claims on other grounds, it is not necessary for us to address it.

4

(4) [She] has not, and cannot, allege that [the] [d]efendants' sole motivation was to cause her harm.

J.A. at 35A. The District Court dismissed all of Sarpolis' claims, including her federal RICO claims, but did not explain its decision to exercise supplemental jurisdiction over the state-law civil conspiracy and fraud claims.

Sarpolis then moved for reconsideration and requested remand of her state-law claims for the first time. Without waiting for the District Court to decide her motion for reconsideration, however, she filed a notice of appeal. One day after that was filed, the District Court summarily denied the motion for reconsideration. Sarpolis later retained counsel who represents her in this appeal.

## II.    Discussion

We begin by addressing Sarpolis' argument that the District Court erred in exercising supplemental jurisdiction over her civil conspiracy and fraud claims. Federal courts may exercise supplemental jurisdiction over claims that share "a common nucleus of operative fact" with claims over which the district court has original jurisdiction. *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). 28 U.S.C. § 1367(c)(3) confers discretion on federal district courts to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." When exercising this discretion, a district court should not retain supplemental jurisdiction over any remaining state-law claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v.*

*Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citation omitted). We review a district court's decision to exercise supplemental jurisdiction for abuse of discretion. *De Ascensio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003).

At the outset, Appellees contend that Sarpolis waived the issue of supplemental jurisdiction by failing to raise it until she moved for reconsideration. Although they are unable to cite any case from this Circuit to the effect that issues raised for the first time on reconsideration are waived, Appellees argue that we should nonetheless find waiver based on the well-settled rule that reconsideration is improper when a party should have raised an argument earlier. *See, e.g.*, *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). This rule applies only to the merits of a motion for reconsideration, however, and does not determine whether an issue is waived on appeal.

Seizing on Sarpolis' failure to comply with Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) by filing an amended notice of appeal after the District Court denied reconsideration, Post & Schell makes two further arguments that the issue of supplemental jurisdiction was waived. First, the firm contends that Sarpolis' failure to file an amended notice of appeal deprives us of jurisdiction over the District Court's order denying reconsideration. Whether an issue has been waived on appeal is a distinct inquiry from our jurisdiction to review a particular order, however, and Post & Schell cites no authority showing that failure to file an amended notice of appeal waives any claims first raised on reconsideration.

Second, relying on *Carrascosa v. McGuire*, 520 F.3d 249 (3d Cir. 2008), Post & Schell argues that Sarpolis' failure to file an amended notice of appeal deprives us of

jurisdiction to review any arguments first raised on reconsideration. Although in *Carrascosa* the appellant failed to file an amended notice of appeal and the Court stated that we "d[id] not have jurisdiction to review any arguments raised for the first time in Carrascosa's Motion for Reconsideration," *id.* at 254, this statement simply set out the limits of our jurisdiction in a case where the appellant sought to challenge both the denial of reconsideration and the underlying order. In this case, however, Sarpolis challenges only the District Court's exercise of supplemental jurisdiction in the order dismissing her claims. As we are mindful that she was proceeding *pro se* in the District Court, we thus decline to treat as waived the issue of supplemental jurisdiction.

As for that issue, Sarpolis' primary argument is that the District Court erred in exercising supplemental jurisdiction and dismissing her claims without addressing the merits of her claims for fraudulent misrepresentation and fraud in the inducement. Although Sarpolis asserts that the District Court should have ruled on a claim that the University of Pennsylvania and Community Health Services fraudulently misrepresented the funds available to pay malpractice claims against Chestnut Hill Hospital, the amended complaint does not list any counts of fraudulent misrepresentation. The Court liberally construed the amended complaint to state claims of fraud and fraud in the inducement as objects of the conspiracy, and held that the fraud claim was time-barred. Sarpolis does not explain how her purported claim of fraudulent misrepresentation is different from the

7

general claim of fraud decided by the District Court, and hence we see no error in the lack of a separate ruling on fraudulent misrepresentation.[4]

Sarpolis also contends that the District Court erred in exercising supplemental jurisdiction over a claim that she was fraudulently induced to accept the settlement agreement and withdraw her malpractice claim. The Court dismissed the fraudulent inducement claim because it was not the proper forum to hear the claim, as only the Philadelphia Court of Common Pleas could grant Sarpolis relief from a settlement reached in that Court. Although this reasoning does not explain why the District Court chose to exercise supplemental jurisdiction, as Sarpolis had not yet raised the issue, the Court was not required to give a supplemental jurisdiction analysis before dismissing the fraudulent inducement claim. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997).

An affirmative justification for exercising supplemental jurisdiction, however, is apparent in the District Court's analysis of the statute-of-limitations defense to Sarpolis' closely related civil conspiracy claim. The Court reasoned that Sarpolis had failed to state a claim for civil conspiracy because the underlying tort of fraud was time-barred. The Pennsylvania statute of limitations for fraud is two years, 42 Pa. Cons. Stat. Ann. §

---

[4] To the extent that Sarpolis contends in a footnote that the District Court's ruling on conspiracy to commit fraud is irrelevant to the fraudulent misrepresentation claim because "[she] did not allege that [the University of Pennsylvania] conspired with [Judge] Tereshko," *see* Reply to Brief for Appellee the University of Pennsylvania at 3 n.1, the amended complaint establishes that this is not the case. *See* Am. Compl. at ¶ 58 (alleging that the University of Pennsylvania and Community Health Systems "conspired" to avoid malpractice liability through fraud, and did so "[w]ith the assistance of all other defendants").

5524(7), and although the existence of a conspiracy tolls the statute of limitations, *see Baker v. Rangos*, 324 A.2d 498, 510 (Pa. Super. Ct. 1974), Judge Tereshko's January 2009 order was the last alleged act of the conspiracy. Similarly, no act of fraudulent inducement is alleged to have occurred after the January 2009 order, and the statute of limitations therefore expired two years before Sarpolis filed this case in 2013.

On appeal, Sarpolis argues that the statute of limitations should be tolled because the alleged insistence of Post & Schell attorneys on unreasonable terms renders the fraudulent inducement claim a continuing tort. This argument fails because the continuing tort doctrine is not applicable to claims of ongoing harm from a completed tort. *See Dellape v. Murray*, 651 A.2d 638, 640 (Pa. Commw. Ct. 1994). To the extent that Sarpolis alleges that opposing counsel insisted on unreasonable settlement terms after she had agreed to settle and to withdraw her malpractice claim, their insistence is not part of any fraudulent inducement to accept the settlement and withdraw her claim but rather an ongoing harm to Sarpolis in the form of withholding the promised benefits of the settlement. The continuing tort doctrine is therefore not in play. Because the District Court already had before it the statute-of-limitations issue, remand would merely have wasted judicial resources by requiring the defendants to make substantially the same arguments in state court. The interest of judicial economy thus justified the District Court's retaining jurisdiction over the fraudulent inducement claim. *See Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).

Sarpolis' remaining arguments on the issue of supplemental jurisdiction are unpersuasive. Although *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988),

9

counsels remand when the statute of limitations prevents a plaintiff from re-filing in state court, the case does not support remand of Sarpolis' state-law claims because they were untimely when filed. The grant of discretion in 28 U.S.C. § 1367(c)(1) to remand claims that "raise[] a novel or complex issue of State law" also does not support remand because Sarpolis' claims do not raise such an issue. Finally, it is simply not the case that most courts accept that the proper course is to remand whenever all federal claims are dismissed. We therefore conclude that the District Court did not abuse its discretion in exercising supplemental jurisdiction.

Sarpolis also claims that the District Court erred in dismissing her civil conspiracy claim because the element of malice was adequately pleaded. We exercise plenary review of the District Court's decision to grant a motion to dismiss. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013). "Proof of malice is an essential part of a cause of action for conspiracy," *Goldstein v. Philip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004), and malice requires that the conspirators act with the sole purpose of injuring the plaintiff. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). Even had Sarpolis sufficiently pleaded that Appellees had the sole purpose of injuring her, she failed to state a civil conspiracy claim because, as the District Court held, the underlying claim of fraud is time-barred. *See Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987) (holding that civil conspiracy claim requires availability of an independent cause of action for the acts alleged).

\*　　\*　　\*　　\*　　\*

10

The District Court therefore did not err in dismissing Sarpolis' civil conspiracy claim, and it also did not err in exercising supplemental jurisdiction. Thus, we affirm its judgment.[5]

---

[5] As we affirm on other grounds, it is not necessary for us to address Post & Schell's argument that Sarpolis' claims are barred by Pennsylvania's absolute privilege against liability for libelous or defamatory statements made in the course of judicial proceedings.