IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Julius Ameer, :
                        Appellant :
                                    :
            v.                      :
                                    :
Pottsville Code Enforcement         :   No. 1153 C.D. 2021
and Donald Chescavage               :   Submitted: October 10, 2023


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                      FILED: November 16, 2023


        Mark Julius Ameer (Ameer), *pro se*, appeals from an order of the Court
of Common Pleas of Schuylkill County (trial court) that sustained preliminary
objections and dismissed his civil complaint against Pottsville Code Enforcement
and Donald Chescavage (jointly, PCE) as barred by the applicable statute of
limitations.  The trial court concluded that Ameer's complaint alleging tortious
interference with lease contracts was subject to a two-year statute of limitations, thus
barring the 2020 complaint, which was based on alleged tortious interference
occurring in 2016.  Upon review, we affirm the trial court's order.

## I. Background

        In his complaint, Ameer avers the following relevant facts.  He is the
owner of a six-unit apartment building in Pottsville.  In the spring of 2016, after
repeated problems occurred with leaks in the roof, PCE informed Ameer that he

would have to replace the roof. Ameer installed a rolled roof over the existing tarred roof surface but was then told he would have to remove that roof and have a new one installed because too many layers of roofing material were present on the roof. In June 2016, before the new roof was completed, Ameer was cited by PCE for not completing the roof, the electricity was turned off by the utility company, and all of the tenants vacated the property. As a result, Ameer lost his leases with all of the tenants and suffered other monetary damages.

In June 2020, Ameer filed a civil complaint alleging tortious interference with his lease contracts by PCE. PCE filed preliminary objections asserting, in pertinent part, that the applicable two-year statute of limitations[1] had run, thus barring Ameer's claim. The trial court agreed and dismissed the complaint. This appeal by Ameer followed.

## II. Issues

On appeal,[2] Ameer maintains that the statute of limitations applicable to contract actions, rather than the statute of limitations applicable to tort actions,

---

[1] Rule 1028(a) of the Pennsylvania Rules of Civil Procedure limits preliminary objections to certain enumerated grounds not at issue here. *See* Pa.R.Civ.P. 1028(a). By contrast, affirmative defenses, including the running of the statute of limitations, are properly raised in new matter along with the answer to the complaint, rather than by preliminary objection. *See* Pa.R.Civ.P. 1030(a). However, if the bar of the statute of limitations is clear from the face of the complaint and the opposing party does not object to assertion of that bar by preliminary objection, a court may properly dispose of the complaint on that basis. *Laskaris v. Hice*, 247 A.3d 87, 89 n. (Pa. Cmwlth. 2021) (quoting *Petsinger v. Dep't of Labor & Indus., Off. of Vocational Rehab.*, 988 A.2d 748, 758 (Pa. Cmwlth. 2010)). Here, the statute of limitations defense was clear on the face of the complaint, as discussed below, and the trial court correctly observed that Ameer did not object to PCE's preliminary objection asserting the statute of limitations. Therefore, the trial court did not err by considering PCE's preliminary objection asserting the statute of limitations.

[2] On appeal,

> review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law . . . . In

2

controls his complaint. He asserts that although his claim is one for tortious interference with contracts, it arises from the loss of contracts and therefore is subject to the contract statute of limitations. He also reasserts the facts underlying the merits of his claim.

PCE responds that the correct statute of limitations is that applied to torts, not contracts. PCE also contends that Ameer failed to plead a viable cause of action.

Because the statute of limitations issue is dispositive of this case, we do not reach any of the parties' additional arguments.

## III. Discussion

In Pennsylvania, a two-year statute of limitations applies to, *inter alia*, "[a]ny . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct . . . ." 42 Pa.C.S. § 5524(7). By contrast, a four-year statute of limitations applies to "[a]n action upon a contract, obligation or liability founded upon a writing . . . ." 42 Pa.C.S. § 5525(a)(8). In short, torts are subject to a two-year statute of limitations; contracts are subject to a four-year statute of limitations. *Coppola v. Pa. Dep't of Labor & Indus.* (Pa. Cmwlth., No. 693 C.D. 2020, filed Aug. 6, 2021), slip op. at 5.[3]

---

reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt . . . . Such review raises a question of law; thus, our standard of review is *de novo* and our scope of review is plenary . . . .

*Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1286-87 (Pa. Cmwlth. 2012) (citing *Petty v. Hosp. Serv. Ass'n of Ne. Pa.*, 967 A.2d 439, 443 n.7 (Pa. Cmwlth. 2009)).

[3] This unreported opinion is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

Ameer expressly and repeatedly states that his claim is one for tortious interference. *See* Ameer's Br. at 6, 26 & 28-29. However, he posits that because the interference was with contracts, the contract statute of limitations should apply. Simply stated, that is not the law. By definition, all claims of tortious interference with contracts relate to the contracts that were subject to interference. Moreover, the very name "tortious" interference demonstrates that such a claim sounds in tort. Not surprisingly, the law is well settled that claims of tortious interference with contracts are subject to the two-year tort statute of limitations. *See Dellape v. Murray*, 651 A.2d 638, 640 (Pa. Cmwlth. 1994) ; *see also Coppola*, slip op. at 5 & 7; *Bender v. McIlhatten*, 530 A.2d 37 (Pa. Super. 1987) (applying two-year statute of limitations to claim of tortious interference with lease negotiations).[4] Because tortious interference is subject to a two-year statute of limitations, Ameer's June 2020 complaint based on allegedly tortious conduct occurring in June 2016 was facially untimely. *See Coppola*, slip op. at 15 (explaining that claim of tortious interference with contracts filed four years after the allegedly tortious conduct was barred by the two-year tort statute of limitations).

## IV. Conclusion

Based on the foregoing discussion, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[4] Decisions of the Superior Court, while not binding on this Court, provide persuasive authority where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (additional citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Julius Ameer,           :
                  Appellant  :
                             :
            v.               :
                             :
Pottsville Code Enforcement  :    No. 1153 C.D. 2021
and Donald Chescavage        :

O R D E R

AND NOW, this 17th day of November, 2023, the September 17, 2021 order of the Court of Common Pleas of Schuylkill County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge